No. 3808.—SUCCESSION OF ROSANNA HENDERSON—Opposition of the Heirs to the Tableau of the Executor.

An executor is accountable to the heirs for the rents which he is able to collect from the estate which he is administering, and he is entitled to charge the estate for necessary improvements which he places upon the property, which property must be compensated with rents that he has collected.

APPEAL from Parish Court, parish of Rapides. *H. L. Daigre,* Parish Judge. *Ryan & White,* for executor. *Thomas C. Manning,* for opponents and appellants.

WYLY, J. The heirs appeal from the judgment amending and homologating the tableau and supplemental tableau filed by the testamentary executor of Rosanna Henderson.

The appellee prays the amendment of the judgment so far as relates to the fees claimed by the attorney of the succession, and the commissions of the executor asking the increase of both to the amount stated in the tableau. We think the judgment appealed from is correct. The executor has no right to charge commissions on the succession of Frank Henderson. The court allowed him two and a half per cent. on the inventory of the property of Rosanna Henderson, for whose estate he was appointed executor, and this is all he is allowed by law.

We think the court did not err in reducing the fee of the attorney

from $2500 to $1000, which is fair compensation for the services rendered to the succession.

As to the note made by the deceased in favor of the executor, no sufficient reason is shown why it should not remain on the tableau, and of course the owner thereof is entitled to the interest thereon.

The slaves, the cotton, and all the movable property having been partitioned among the heirs in 1863, shortly after the succession was opened, the executor had no active capital upon which he could derive income, unless the rent of the land in his charge be considered such.

Of course, during the war the land was unproductive, the slaves and other movable property being taken off by the heirs.

After the close of the war the executor returned to the place and found it in no condition to cultivate—the cabins and fencing being all destroyed by the army. He built some cabins and put up several miles of fence at his own expense. He also collected a small sum for rents. The court compensated the claim for improvements with the claim for rents, and this appears to be just and equitable. The heirs have no right to demand from the executor any more rents than he was able to collect. On the whole we find no reason to disturb the judgment of the court a qua.

Judgment affirmed.