[L. A. No. 612.   Department One.—August 23, 1899.]

In the Matter of the Estate of MARY J. ARMSTRONG, Deceased.   B. F. H. ODELL et al., Appellants, v. D. W. FIELD, Administrator, etc., Respondent.

ESTATES OF DECEASED PERSONS—ADMINISTRATOR'S ACCOUNT—SALE OF PERSONAL PROPERTY—REDEMPTION FROM LIEN—LOSS WITHOUT NEGLIGENCE.—An administrator is not liable to be charged in the settlement of his account for a loss on the sale of personal property, by reason of having paid a lien thereon in good faith, believing that the property was worth more than the amount of the lien, but which was sold without negligence on his part for less than that amount. It is only in circumstances where the court can say, as matter of law, that a reasonably prudent man might not make the honest mistake of paying out more to free the property from a lien than the property would sell for, after the lien was extinguished, that the administrator can be charged with the loss.

ID.—FORECLOSURE OF MORTGAGE OF DECEDENT—COLLATERAL ATTACK FOR ERRORS—LIABILITY OF ADMINISTRATOR—PROOF OF NEGLIGENCE REQUIRED.—The amount of the judgment rendered upon the foreclosure of a mortgage executed by the decedent, cannot be collaterally attacked for the purpose of charging the administrator with errors therein, without proof of negligence upon his part.

ID.—INCLUSION OF TAXES—WAIVER OF OBJECTION—PLEADING—PRESUMPTION.—The technical objection that an amount of taxes included in the decree as having been paid by the mortgagee upon the mortgaged property was not supported by the pleadings, is waived if not urged prior to the decree, and the administrator cannot be charged therewith in his account, where it appears that the amount allowed was correct in fact, and accorded with a stipulation in the mortgage. Negligence cannot be imputed to the administrator by presumption for failure to object to proof of the taxes actually paid by the mortgagee; but it must be presumed, in support of the decree, that the question as to the amount of taxes was heard and determined by the court upon the theory that the complaint was sufficient, and the issue properly before the court.

Id.—Amount of Interest in Decree—Insolvency of Estate— Objection by Devisees.—Devisees, who, if the estate is insolvent, can have no interest in the question, cannot object that the administrator should be charged with an excess of interest allowed in the decree of foreclosure, according to the terms of the note, above the legal rate, after notice to creditors, on account of the insolvency of the estate, where no creditors appear to object thereto. The devisees can raise no objection to the amount of the decree, where it appears that, if the amount of error therein claimed to be charged to the administrator were allowed, there would not be sufficient on hand to pay the creditors.

Id.—Failure to Appraise Mortgaged Property — Useless Expense.—Where there is no evidence that the real estate of the decedent subject to mortgage could, at any time during the administration of the estate, have been sold for enough to pay off the mortgage upon it, and there is evidence to indicate that in the condition of the real estate market it could not have brought the amount of the mortgage, and that it would have been a useless expense for the administrator to have it appraised, he cannot be charged with negligence in failing to do so.

Id.—Negligence in Settlement of Estate—Interest, with Annual Rests.—Where the administrator has been negligent in failing to settle the estate, he is properly chargeable with legal interest on the balance in his hands, with annual rests, until the allowance of his account.

APPEAL from an order of the Superior Court of Los Angeles County settling the final account of an administrator. W. H. Clark, Judge.

The facts are stated in the opinion.

Henning & Bowen, for Appellants.

Wells & Lee, for Respondent.

COOPER, C.—Appeal from order allowing final account of administrator. Deceased died October 20, 1889, leaving personal property which sold at public sale for $681.79, and ten acres of land upon which there was a mortgage for $5,500. Claims were presented and allowed against said estate amounting to over $1,000. The administrator filed his final account in 1897, to which many objections and exceptions were made by the appellants, but two of which are urged upon this appeal.

1. It is first claimed that the court erred in not charging the

administrator with $32.75 loss on sale of two horses belonging
to the estate. It appears that at the time of the death of de-
ceased the two horses had been for several months out on pasture
with one McMaster. That the administrator was informed by
one of the creditors that the horses were assets of the estate.
That thereupon the said administrator found the horses in the
possession of McMaster, who claimed a lien upon them for pas-
turage to the amount of $93.66. After some negotiations Mc-
Master agreed to accept $89.50 in full, which the administrator
paid and the horses were delivered to him. The administrator
testified that at the time he believed the horses would sell for
considerable more than the amount of the lien, but that he sold
them at public auction and they only brought $56.75. This tes-
timony was not contradicted, and there was no evidence of want
of good faith on the part of the administrator. The sale was
approved without objection after due notice given. It appears
that the transaction resulted in a loss to the estate of $32.75,
but the loss cannot, from the testimony, be attributable to the
negligence of the administrator. He appears to have acted in
good faith and for what he deemed to be the best interest of the
estate, and he could not legally be charged with the loss of the
sum unless it had been made to appear that he was guilty of
negligence in not using ordinary care and diligence in connec-
tion with the matter. (*In re Moore*, 96 Cal. 525.)

It is not claimed that the administrator did not have the au-
thority to redeem the horses, neither is it claimed that there
was not a valid lien upon them. The specification is for gross
mismanagement of the estate in selling the horses for less than
the amount paid out for redemption, but no proof is before us
of any want of good faith in the transaction. The act might
have been for the benefit of the estate, and as there is no proof
of negligence or want of ordinary care, and the proof shows that
the administrator acted in good faith, we must hold that if his
acts could under any state of facts be sustained as valid they
must be presumed to be valid under such state of facts rather
than to be held invalid from the mere fact that the property did
not sell for enough to repay the amount paid out by the admin-
istrator. (*Burnett v. Lyford*, 93 Cal. 119.)

We do not lay down the rule that an administrator can, of his

own volition, redeem pledged personal property or property upon which there is a valid lien under all circumstances, and justify his acts in case of loss to the estate. If the proof should show that the property at the time it was redeemed was of little value, while a large amount was paid out for the purpose of redeeming it, or if the circumstances were such that we could not say a reasonably prudent man would have done the same thing, then the circumstances might justify the charging of the loss to the administrator; but we cannot say, as a matter of law, that a reasonably prudent business man might not make the honest mistake of paying out more to free property from a lien than the property would sell for after the lien was extinguished.

2. The holder of the mortgage which was executed by the deceased in her lifetime brought suit against the administrator for the foreclosure of the same, and in the decree were included the sums of $571.12 for taxes and interest thereon, and $2,643.88 interest on the promissory note.

It is claimed that in the complaint on foreclosure there was no allegation of payment of taxes, and that the administrator and his counsel, notwithstanding this fact, consented to the taxes being included in the decree. The mortgage provided that in case of foreclosure the mortgagee should be entitled to include in the decree all taxes paid out upon the property. The bill of exceptions shows that proof was made of the amount of taxes so paid, and that the attorneys for the administrator found the same to be correct. It therefore appears that the foreclosure case was tried upon the theory that the complaint contained the necessary allegation as to taxes, and it is too late now to raise the objection for the first time. As the objection, if raised, would have been merely technical, and as the bill of exceptions shows that the taxes were properly included according to the mortgage and the proof, we cannot now say it was negligence in the administrator not to object to the proof of the payment of the taxes because the complaint did not allege such payment. We must presume in support of the judgment that the matter was heard and determined in the lower court upon the theory that the complaint was sufficient and the issue properly before the court. (*Lawrence Nat. Bank v. Kowalsky*, 105 Cal. 43.)

It is claimed that the amount of interest in the decree was

computed according to the terms of the promissory note and not at the legal rate after the first publication of notice of creditors, and that thus the interest was $409.41 too much, and that the administrator here should be charged with it.   This claim is made upon the theory that the estate is insolvent, and that after the first publication of notice to creditors the note and mortgage should have drawn interest at the legal rate and not at the rate specified therein.   It is not necessary to decide the question as to whether or not the rate of interest should have been seven per cent after the first publication of notice to creditors.   If the estate is insolvent, as claimed by appellants, then, as devisees, they have no interest in the matter, and no creditor has appealed from the order allowing the account.   We do not think the amount of the judgment in the foreclosure proceedings can be here attacked except by proof of negligence on the part of the administrator.

The decree was offered in evidence by appellants.   It showed that plaintiff, in open court, waived all claim for attorney's fees and all claim to a deficiency judgment.   That the court heard evidence and determined that there was due for principal and interest the sum of $8,715 and $11.45 costs.   The evidence introduced in this record shows that the amount named in the decree was correct.   It is not claimed that the property was ever redeemed or that the administrator ever received any money from it in any way.   It is not claimed that he acted fraudulently or corruptly.   Another answer to the contention as to the interest and taxes amounting to $980.53 is that appellants are not in a position to complain.   If the full amount claimed should be charged to the administrator, there would then not be sufficient on hand to pay the creditors, and appellants would not be entitled to anything.   The proof shows that after the foreclosure sale the administrator made arrangements with the plaintiff in the suit, who was the purchaser at the sale, that if he could find a purchaser for the land she would deduct one thousand dollars from the amount due her.   That the administrator tried to find such purchaser but could not, and the plaintiff, who purchased the property at foreclosure sale, finally sold it for less than the amount due her.   Finally, it is claimed that the administrator did not make any appraisement of the property, and was guilty

of negligence in not settling up the estate sooner. These grounds could properly have been urged on petition to remove the administrator, but we do not understand that in the absence of proof of loss by such negligence the court could charge the administrator in the final account with damages. The proof shows that the administrator used diligent efforts to procure a purchaser for the land not only up to but after the foreclosure sale. That he procured an agreement from the purchaser at the sale to take one thousand dollars less than the amount due her, and yet could find no purchaser. B. F. H. Odell, one of the appellants, testified that he knew of the efforts of the administrator to sell the land, and that the administrator requested him to assist in finding a purchaser. That he was aware that the administrator was making diligent efforts to sell the land, but that, owing to the conditions of the real estate market, he could not find a purchaser. That he did not expect to get anything out of the real estate. There is not in the record any evidence that the real estate could ever during the administration of the estate have been sold for even enough to pay off the mortgage upon it. It would then have been a useless expense for the administrator to have appraised it. The court below, as a penalty for the delay in the administration, charged the administrator with interest on the balance of $154.42 in his hands at seven per cent per annum, with annual rests, until the account was allowed, the amount being $80.48. In this the court below was justified. There are no other points requiring special notice.

We advise that the order be affirmed.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.　　　　　　　　Harrison, J., Garoutte, J., Van Dyke, J.