[S. F. No. 2246.   Department Two.—February 25, 1901.]

In the Matter of the Estate of MORRIS FREUD, Deceased. WARNER BROTHERS COMPANY, Appellant, v. TINY FREUD, Administratrix, Respondent.

ESTATES OF DECEASED PERSONS—SALE OF REAL ESTATE—CODE PROVISION NOT RETROACTIVE.—The amendment of 1893 to section 1536 of the Code of Civil Procedure, which authorizes a sale of real estate "for the advantage, benefit, and best interest of the estate," is not retroactive, and cannot apply to the estate of a decedent who died prior to its adoption; and a sale of the real estate of one who died in 1883 must be governed by the terms of that section as it then stood, as amended in 1880.

ID.—SALE FOR EXPENSES TO ACCRUE—PROSPECTIVE CHARGE AGAINST ESTATE.—A sale of real estate may be ordered to meet prospective charges or expenses to accrue thereafter, even though there may be no debts or expenses of administration accrued and unpaid; and a prospective charge for expense which the executor or administrator is authorized to incur and charge against the estate is sufficient to justify the sale.

ID.—RIGHT OF EXECUTOR TO REDEEM MORTGAGED PROPERTY — VALID ORDER TO SELL REALTY.—An executor or administrator, in the discharge of his duty and power as a trustee to preserve the estate, may pay off liens existing upon it when necessary for that purpose, and may redeem the real estate from the lien of a mortgage made by the decedent, though not presented as a claim against the estate; and may charge the expense to the estate; and a valid order of sale may be made for the purpose of redeeming the mortgaged premises, and of paying debts, expenses, and charges of administration.

ID.—REDEMPTION PREVIOUSLY MADE UNDER DEVISEE—FORECLOSURE BY PARTY REDEEMING—SUBROGATION TO LIEN OF ORIGINAL MORTGAGE.— The fact that a redemption had been previously made by the successor in interest of one of the devisees from a sale under foreclosure of the mortgage made by the decedent, who acquired no title thereby, but only an equitable lien by subrogation to the lien of the original mortgage, and who brought an action to foreclose the same against the estate and the other devisees,

cannot affect the right of the administratrix of the estate to redeem from the lien of the original mortgage.

ID.—EQUITY JURISDICTION OVER REDEMPTION—AUTHORITY OF SUPERIOR COURT.—Under existing law the superior court having jurisdiction of the estate of a deceased person has equity jurisdiction over the subject of redemption from a mortgage made by the decedent; and its order allowing a sale by the administrator for the purpose of obtaining means for the redemption confers upon him an authority to redeem, which cannot be questioned.

ID.—SETTLEMENT OF ACCOUNTS OF ADMINISTRATRIX—CREDIT UPON FAMILY ALLOWANCE—QUESTION OF DELAY—PROVINCE OF SUPERIOR COURT. Whether in the settlement of the accounts of an administratrix a credit made to her as widow upon family allowance should have been reduced by the court by reason of her delay in closing the estate, is a question to be determined by the superior court, and its decision will not be disturbed if no sufficient reason appears therefor.

ID.—AUTHORITY TO MORTGAGE REAL ESTATE—INTEREST OF LIENHOLDER SEEKING TITLE.—The superior court may order a mortgage of the real estate of the decedent for the purpose of paying liens on the realty; and in making such order the interest of one who is seeking to acquire the title to the property adversely to the estate cannot be considered.

APPEAL from orders of the Superior Court of the City and County of San Francisco, directing the sale of the real estate of a deceased person, settling the annual account of the executrix, and directing the mortgage of real property.   J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Hart H. North, Henry E. Monroe, and W. B. Treadwell, for Appellant.

W. S. Goodfellow, and William B. Bosley, for Respondent.

THE COURT.—Appeals from an order of sale of real estate, an order settling annual account of administratrix, and an order for mortgage of real property. The several appeals will be considered in the order stated.

The deceased died seised of two lots of land, described in the petition, which he devised to his widow, Tiny Freud (now administratrix), "to hold the same during her lifetime in trust for (testator's) five children" (named in the will, and) "upon the death of (the) wife .... to be divided among (his) said

children share and share alike." The will was admitted to probate and letters testamentary issued to Jacob Freud, the executor therein named, March 19, 1883. An order for a family allowance to the widow of two hundred and fifty dollars a month was made December 29, 1883. The executor's final account, showing a balance of two thousand and seventy-eight dollars and sixty-two cents in his favor, was settled May 25, 1888; and thereupon he was discharged, and Mrs. Freud, the widow of deceased, was appointed administratrix with the will annexed. The estate coming into her hands consisted of the two lots above referred to, found to be of the present value, respectively, of six thousand five hundred dollars and eighteen thousand five hundred dollars.

The latter lot was subject to a mortgage of the testator to the German Savings and Loan Society for twelve thousand five hundred dollars, and, when the petition was filed, had been sold, May 31, 1898, to the bank under a foreclosure decree for eleven thousand one hundred and forty-three dollars and forty-six cents. From this sale appellant, the Warner Brothers Company, had redeemed, November 30, 1898, as successor in interest of Jacob Freud, the former executor, and one of the devisees under a deed of date October 1, 1897—the redemption money being eleven thousand six hundred and nine dollars and forty-four cents; and, in a suit brought by him against the administratrix of the estate, and the devisees other than Jacob, a decree of strict foreclosure had been rendered June 16, 1899, foreclosing their interests and that of each of them in the property sold, unless redemption should be made within sixty days from the date of the decree. The mortgage, it will be observed, had not been presented to the executor as a claim against the estate.

The petition for the sale of real estate was filed June 7, 1899. Up to this time, as appears from the petition and the findings, the administratrix had received in rents the sum of thirty-seven thousand five hundred and eighty-two dollars and eighty-five cents, all of which had been disbursed in payment of interest on the mortgage, taxes, repairs, and other expenses of administration, except one hundred dollars per month, which had been applied by her on her family allowance. The balance due

to Jacob Freud, the former administrator, two thousand and seventy-eight dollars and sixty-two cents remained unpaid. The estimated amount of the expenses and charges of administration to accrue was two thousand dollars. The order of sale was based by the court on the double necessity of redeeming the mortgaged premises from the appellant's lien, and of paying "debts, expenses and charges of administration accruing and to accrue."

With regard to the former ground, the contention is that the court was not authorized to order a sale for the purpose of redeeming the mortgaged premises from the appellant's lien. Such authority, it is said, could be derived only from the amendment of 1893 to section 1536 of the Code of Civil Procedure, which authorizes a sale "for the advantage, benefit, and best interests of the estate and those interested in it." But under the decision in *Estate of Packer*, 125 Cal. 396,[1] this provision cannot apply to the estate of the decedent, who died in 1883; and hence if the order is to be justified at all, it must be justified under the provisions of the original section, or rather of the section as amended in 1880. The contention thus far, we think, must be admitted; and it may also be admitted, for the purposes of this case—as is contended—that the money needed for redemption did not come within the description of "debts outstanding against the decedent," the payment of which is one of the objects for which a sale may be made under the provisions of the statute. But a sale is also authorized when it is necessary "to pay the debts, expenses, or charges of administration"; and this refers not only to accrued debts, expenses, or charges, but to those to accrue. (Code Civ. Proc., secs. 1536, 1537.) Hence a sale may be ordered when necessary to meet such prospective charges or expenses, though there be "no debts or expenses of administration accrued and unpaid." (*Richardson v. Butler*, 82 Cal. 179.[2]) It is clear, therefore, that if among the powers of the administratrix was the power to make the redemption and to charge the expense to the estate, then the court was justified in regarding the amount necessary for the purpose as a legitimate prospective charge or expense of administration, and in ordering a sale for the purpose of re-

[1] 73 Am. St. Rep. 58.          [2] 16 Am. St. Rep. 101.

deeming. The question then reduces itself to this, Has an executor or administrator the power to use the money in his hands for the purpose of redeeming property of the estate from liens existing on it?

The question is an important one, but seems sufficiently clear. The executor or administrator is intrusted by the law with the property of others (Code Civ. Proc., secs. 1452, 1581); and the duty and corresponding power of preserving the estate results necessarily from his character as trustee. (2 Perry on Trusts, sec. 915.) Thus, while generally he has no power to carry on the business of the decedent (*Estate of Rose*, 80 Cal. 166), yet he may do so if necessary to preserve the property. (*Estate of Smith*, 118 Cal. 466.) He may also spend money in litigation either to recover or protect property of the estate, or for insurance. So though, generally, he may not expend money in the erection of a new building (*Estate of Moore*, 72 Cal. 342), yet he may expend it in repairs to any extent necessary to preserve the property; and in cases that may be readily imagined the power to repair might extend even to the erection of a new building (Abbott's Law Dictionary, "Repair")—as, e. g., in the case of a necessary outhouse destroyed by fire or of land paying a large rental on which the building had been destroyed by fire, or decayed so as to be no longer available, and where the new building could be paid for in a very short time out of the rental. In fine, the governing principle is that—subject to the contingency of the expense being disallowed by the court—he may do whatever is necessary for the preservation of the property of the estate, and the specific character of the act done is altogether immaterial. Hence, necessarily his power must extend to the preservation of property by paying off liens existing on it, when necessary for the purpose (Woerner on Administration, sec. 329, pp. 690, 691; *Burnett v. Lyford*, 93 Cal. 118, 119)—as, e. g., in the case of taxes, tax sales, etc. (*People v. Olvera*, 43 Cal. 494; *Weinreich v. Hensley*, 121 Cal. 657), or as in case of cattle or horses impounded and held for expense of pasture. (*Estate of Armstrong*, 125 Cal. 605.) And that this is the intention of the law appears very plainly from the provisions of sections 1577, 1578, where provision is made for the payment by the administrator of liens or mortgages on the realty of the estate.

Of the cases cited to the contrary by the appellant—*Estate of Knight,* 12 Cal. 200, 207,[3] *Tompkins v. Weeks,* 26 Cal. 50, 60—the latter has no application, the decision there resting on the ground—italicized by the court—that *"the prior mortgage of Tomes* (the lien paid) *was not a charge against the estate,* (and that) *no part of it could ever have been paid out of the estate."* The case, therefore, need not be further considered.

Nor is the decision in *Estate of Knight, supra,* applicable here. In that case it was said—as is doubtless true—that, while it is the duty of the administrator to preserve the estate, "this does not mean that he is, at discretion, to pay off all encumbrances resting on the property upon the notion that the property may increase in value, and thereby a speculation may be made by the estate," and the point directly ruled was that "he cannot advance money to remove encumbrances, unless his intestate was bound to pay the money." Thus, apparently, the decision is placed on two grounds, namely: 1. On the ground expressed, which is in effect that the administrator cannot pay all encumbrances at discretion for speculative purposes, or, it might have been said, for any purpose except for the preservation of the property, and where necessary for that purpose; and 2. On the ground that he cannot pay off encumbrances "unless his intestate was bound to pay the money." Nor can it be determined which of these was the governing consideration in the mind of the court. But the power of the administrator to pay off encumbrances in any case results solely from the necessity of preserving the property, and can be justified only on the ground that the lien is a charge on the estate, and therefore a peril to it; and this is equally true whether the lien was created by the intestate, or, as in the case of taxes, in some other way. The circumstance that the lien was not created by the deceased may therefore be disregarded, and the decision may be construed with reference to the case before the court, and the expressed grounds of the decision. Thus construed, it may be regarded as holding simply that the administrator was not justified, under the circumstances of the particular case, in redeeming from a lien which his intestate was not bound to pay.

---

[3] 73 Am. Dec. 531.

If, however, the decision be construed as based on the latter circumstances, it does not apply to this case, where the fact is different. Here the mortgage was made and a debt contracted by the deceased. Nor was the debt barred by failure to present it. Suit could still be maintained on it (Code Civ. Proc., sec. 1500), and it differed from other debts of the estate only in the extent to which it was a lien. Nor was the case materially altered by the sale and redemption. The effect of this, in the legal aspect of the case, was simply to terminate "the effect of the sale," thus restoring the property to the estate, but reviving the lien of the mortgage for the benefit of the party redeeming. (Code Civ. Proc., sec. 703.) The appellant acquired no title, but an equitable lien only, by subrogation to the lien of the mortgagee. (Pomeroy's Equity Jurisprudence, secs. 798, 799, 1211, 1212.) It is, therefore, still the lien of the original mortgage from which redemption is to be made.

In another respect, also, is the case of *Estate of Knight, supra,* distinguishable from the case at bar. In that decision it was observed by the court, with reference to the case before it, that in such cases, where redemption was necessary, resort could be had to a court of equity. But under the existing law, where in the course of any regular proceeding the relief becomes appropriate, the resort may be now had to the court in which the administration is pending. (*Toland v. Earl,* 129 Cal. 148.[4]) It follows that in cases where the administrator is otherwise without power to redeem, authority may be given him by the court, as has been in effect done in this case by the order of sale. His authority, therefore, can now no longer be disputed, and hence the court had authority to order the sale for the purpose of obtaining the means for redemption.

It is also objected, on the supposed authority of the decision in *Estate of Crosby,* 55 Cal. 574, that the right to have a sale of the real property has been lost by laches. But that was a proceeding for the purpose of paying an allowed claim, and the case was regarded as in effect a suit by a creditor against the heirs. Here the proceeding is for the payment of expenses and charges of administration accrued and to accrue, which is a different case. It is unnecessary to consider here the question of

---

[4] 79 Am. St. Rep. 100.

the family allowance. That was not passed on by the court; nor have we any reason to suppose that, in making the order of sale, it entered into its consideration.

With regard to the settlement of the administratrix's account, the question as to the balance of the family allowance claimed by the widow was expressly reserved from the decision by the court, and, therefore, need not be considered. The sole question is as to the item of one hundred dollars per month credited to the widow on account of family allowance. This was equivalent to a little over six years' full allowance, a period that covers less than the first two years of her administration; so that, if we leave out of view the delay of payment, the widow has received her full allowance for that period, and no more. Whether her allowance should have been further cut down by reason of her delay in closing the estate was a question for the lower court to determine, and we see no reason to disturb its decision.

With regard to the order for mortgage little need be said. The authority of the court to order a mortgage for the purpose of paying liens on the realty of the estate is expressly given by the provisions of the statute (Code Civ. Proc., sec. 1578), and the constitutionality of the act has been affirmed by this court in the case of *Murphy v. Farmers' etc. Bank, ante,* p. 115. As to the propriety of the order there can be no doubt. The authority given to the administratrix extends only to the mortgage of the property covered by the lien, which will be lost unless redeemed. No one, therefore, so far as his interest in the estate is concerned, can be injured or aggrieved by the order. The appellant is indeed interested adversely to the estate as a claimant of the land, but in this capacity he has no standing in court, and his grievance, if any, in failing to acquire the property of the estate cannot be considered.

The orders appealed from are affirmed.

Hearing in Bank denied.