### KEMPER v. GEO. W. OWENS LUMBER & LOAN CO. (No. 8083.) *

Court of Civil Appeals of Texas. San Antonio. Dec. 19, 1928.

Rehearing Denied Jan. 16, 1929.

J. P. Miller, of Dallas, for appellant.

J. L. Lipscomb and Cockrell, McBride, O'Donnell & Hamilton, all of Dallas, for appellee.

COBBS, J. This suit was by appellees against appellant to recover a balance due on the contract price for the construction of certain improvements. W. Kemper was the executor of the last will and testament of his deceased wife, Belle Beggs Kemper, against whom the money judgment was sought, individually, and D. R. Kemper and numerous nonresidents, against whom foreclosure was sought.

It was alleged that the testatrix, who owned the real property, by will duly probated appointed W. Kemper her executor without bond, and free from the control of the probate court, who qualified and took charge of the estate. The will authorized him to collect the rents and revenues from the estate, to maintain the real property out of the proceeds thereof, to invest her moneys in revenue-bearing real estate as to him might seem best, and to collect the securities of the estate and to reinvest same in revenue-bearing real estate.

It is alleged that the executor contracted with Burnard, an architect and building contractor, for the erection of an apartment house on the real property, which at that time was vacant and nonrevenue-bearing, and agreed to pay him a sum certain upon completion of construction; that the contractor carried on construction for seven weeks, receiving all of the contract price except $655, and, upon failure to pay said sum, a materialman's lien was created. The contractor was in full charge of the construction, and purchased the material therefor, including the building material furnished by appellees, to the extent of $729.80.

It was alleged the material was used in the building and that the prices charged therefor were reasonable and represented the fair mar-

ket value; that the estate was benefited thereby and the material was used with the knowledge and consent of the executor; and that they complied with the statute in fixing a lien against the real property to secure the debt.

Appellees also alleged that the executor contracted for the construction of the apartment house on the real property of the estate in order to make it revenue-bearing; that the apartment house was never completed, without fault of theirs, but that had it been completed it would have produced revenue to the estate. They further pleaded that the executor, at the time he contracted for the improvements, had sufficient funds of the estate to pay the contractor.

The nonresident defendants were duly served with notice, but answered not, and no judgment, except in rem, was taken against them. W. Kemper, individually, and D. R. Kemper, answered by general denial.

Judgment was rendered in favor of appellees against the executor for the amount due by the executor to the contractor, which was less than the appellees' claim, with interest, and against all parties for foreclosure of the materialman's lien. Only the executor appealed.

■ There are many objections to the assignments and propositions in this case, which do not seem to require a separate consideration. We dispose of these objections as wanting in materiality and will discuss the case from the standpoint of the material issues and real errors pointed out. In doing this we must say that the terms of the will are broad enough. The provisions of the will, as set forth in paragraph "Sixth" are as follows:

"Sixth: It is my desire, will and direction, that upon my death the executor of this will shall take charge of all my estate, real, personal and mixed, of whatever character and wherever located. That he shall keep same intact and shall collect the rents, interests and revenues therefrom and shall maintain and keep said property in repair out of said proceeds, rents, interest and revenues. That he shall invest whatever moneys I may have in either revenue bearing real estate or interest bearing notes, bonds or other securities as to him may seem best. That as any of my notes, bonds or other securities that I die possessed of, or any that my executor shall obtain by reason of his investment of same as set forth above, may mature, he shall collect same and re-invest the principal thereof as set forth above; that is, in either revenue bearing real estate or interest bearing notes, bonds, or other securities."

The will was duly probated, and the executor proceeded thereunder to administer upon the estate. On the 28th day of January, 1923, the executor entered into a contract with one N. T. Burnard, an architect and building con-

tractor of the city of Dallas, in which the executor agreed to pay said contractor for his services the sum of $1,000, for which the contractor agreed to prepare and draw specifications and plans necessary for the erection of a two-story apartment house, to be constructed of brick veneer and located on said real property. Said plans and specifications were drawn and accepted by the executor, and Burnard was ordered by the executor to proceed with the construction of said apartment house. The executor bound himself to pay for the material and labor which was contracted for and accepted by said Burnard.

The work was commenced February 1, 1923, and proceeded with for about seven weeks, during which time the executor paid $345, but never paid the balance of $655. The work was done in a satisfactory manner, but said improvements were never completed because on the 1st of April, 1923, the executor refused to permit the said Burnard to proceed further.

The amount or value of the lumber and material used in the construction of the building to said Burnard during the month of March, 1923, was in excess of $655, amounting in the aggregate to $729.89—the charges just, reasonable, and customary. The material was actually delivered on the ground and used in the construction of the house. The said real estate was improved to the value of such material furnished and it was used with the knowledge and consent of W. Kemper, the executor.

While Burnard was in active charge and control of the erection of said improvements, the firms of Lubman & Cole, of Manett, Seastrunk & Buckner, and the Hooker Hardware Company furnished to the said Burnard at his application, to be used by him in the construction of said improvements, certain building material, which material was actually delivered by said firms on the aforesaid lot, and was actually used in the construction of the apartment house. For such material the defendant, W. Kemper, executor, paid to said firms the amounts charged and fully satisfied the indebtedness held by each of them. The appellees are the only materialmen who furnished material for the construction of said improvements who are unpaid.

When these improvements were contracted for the land was unimproved, vacant, and not revenue-bearing. The apartment house was begun by the executor with the view of making this unimproved and nonproductive property revenue-producing. It is of course easily conceded that an apartment house of the kind provided, in the city of Dallas, would be a revenue-bearing investment.

The appellees, not having been paid for all the material, proceeded to and did fix a materialmen's lien upon said property for $729.89, and did file it in the proper county court, and did give all the notice to the parties that

the law requires by virtue of article 5623, R. S. 1911. The property on which these improvements were situated is known as 5107 East Side avenue, in the city of Dallas, being lot No. 9, in block D, of Freeman's Columbia avenue addition to the city of Dallas, Tex. All statutory requirements for the proper fixing of the materialmen's lien were complied with.

At the time W. Kemper, executor, made the construction contract with Burnard, the contractor, for the erection of the improvements, he had on hand as executor ample funds belonging to the estate to pay the said Burnard the $1,000 contracted by him to be paid. At the time appellees furnished the material appellant executor had ample and sufficient funds of said estate to pay appellees for said material, and had sufficient funds belonging to said estate at the time said notice was served upon him and at the time the materialmen's lien was filed.

In all these transactions the said W. Kemper acted in his capacity as executor under the will of Mrs. Belle Beggs Kemper. Appellees furnished material for said improvements in excess of $655, but said amount was the only amount owed by the executor to the original contractor, Burnard, at the time statutory notice was served upon said executor, and said amount of $655 was the correct amount, together with interest thereon, claimed by plaintiffs upon the trial of this cause.

We overrule appellant's first assignment, for we think the will sufficiently authorized the executor to make the improvements and to create an indebtedness for the estate. We overrule appellant's second assignment, for the executor was authorized by the will to create the indebtedness and to bind all the heirs and especially the nonresidents, it being a proceeding in rem as against them.

We overrule appellant's propositions under the first and second assignments of error, as to the admission of evidence of the architect and contractor, because their work was in pursuance of the contract made with the executor, who under the terms of the will had the right to make the contract for the benefit of said estate.

When appellants concede that the executor had the authority to use or invest the money of the estate in improvements in revenue-bearing property, it is a plain acknowledgment of power in the executor to improve the real estate and convert it into revenue-producing property. At any rate, we think he had the power under the will to make the improvements and give a lien on the property to secure the investment, as was done. At the time of making the contract he had in his hands the necessary funds.

The record is silent as to what funds the executor had on hand when the contract was let, but they were sufficient, if that be important, at the time statutory notice was given. This notice impounded the amount for which the judgment was rendered in the hands of the executor and was owing to the builder.

■■ At common law it is made the duty of the executor to invest estate funds for the purpose of securing revenue. The estate received the benefit of the executor's contracts, and the estate is liable therefor. Lund & Seamands v. Riggs, 174 Iowa, 79, 156 N. W. 161; Sluder v. City of San Antonio (Tex. Com. App.) 2 S.W.(2d) 841. · "Where an executor is given by will express power to manage the estate until the minors come of age, it has been held that in such cases he has implied authority to expend the income in rebuilding structures which are necessary for the successful management of the estate." 11 R. C. L. 159; In re Freud, 131 Cal. 667, 63 P. 1080, 82 Am. St. Rep. 407; Henry v. Henderson, 81 Miss. 743, 33 So. 960, 63 L. R. A. 616. An administrator who is also a tenant in common as a distributee, as is this appellant, will be allowed credit, not for the cost of improvements put by him on the land, but for the value of such improvements to the premises. 24 C. J. 96; In re Alfstad, 27 Wash. 175, 67 P. 593, Lewis v. Price, 3 Rich. Eq. (24 S. C. Eq.) 172; Henderson's Succession, 24 La. Ann. 435.

■ It is not necessary that a will creating a power declare it in express or unequivocal terms, it being sufficient if it appears reasonably clear from the instrument, in the light of attending circumstances, that such was the intention. Adams v. Williams, 112 Tex. 469, 248 S. W. 673; Lane v. Miller & Vidor Lumber Co. (Tex. Civ. App.) 176 S. W. 106; McHatton's Estate v. Peale's Estate (Tex. Civ. App.) 248 S. W. 103. "Where the power is general to perform and carry out a particular object, a resort to the ordinary and usual methods or means comes within the scope of the power." Faulk v. Dashiell, 62 Tex. 642, 50 Am. Rep. 542.

· ■ A perusal of the will will show that the executor had the authority to make the improvements. Ordinarily and primarily resort should be first had against the executor personally; but this is not a general proposition. Here the executor was authorized to invest in revenue-bearing real estate, and improvements were necessarily contemplated by the will.

We overrule, as unimportant in this case, the grounds set forth against appellant's briefing. We have carefully examined all the assignments and propositions urged by appellant, and find them to be without merit, not stating errors that should cause a reversal. This, of course, leads to an affirmance of the trial court's judgment.

Affirmed.