[No. 189. Decided June 10, 1891.]

MICHAEL J. SMITH v. VIRGINIA N. TAYLOR, *Executrix.*

WITNESS — COMPETENCY — CONTRACT WITH DECEDENT.

Where the equitable title to real estate has been decreed in the mother of a decedent, as executrix of her husband's estate, she having supplied decedent with funds of the estate with which to purchase the realty, in an action of ejectment afterward brought by the executrix against one in possession thereof under an alleged oral agreement with decedent, the evidence of defendant is inadmissible in his own behalf, either under § 389, Code 1881, or the amendment thereof in Laws 1889-90, p. 91.

On appeal in a proceeding in equity, the supreme court looks at the substance of the case as presented below, and not at any technical exceptions or objections made therein ; exceptions which might be erroneous in an action at law will not be regarded as error in a proceeding in equity.

*Appeal from Superior Court, Clarke County.*

Action in ejectment by Virginia N. Taylor, executrix of the last will and testament of Frank E. Taylor, deceased, against Michael J. Smith. In December, 1885, one Frank E. Taylor, a major of the United States army stationed at

Vancouver, Washington, held the legal title to the lands described in the complaint in this action. By some arrangement with said Taylor, the defendant entered into possession of said lands on the 26th day of December, 1885, and has continuously resided thereon with his family, and made some improvements on the land. The plaintiff in this case is the mother of Major Taylor, who died intestate on the 25th day of November, 1886, leaving a widow and minor children. Soon after his death his mother, the plaintiff in this action, made claim that she owned the land as executrix of the estate of Major Taylor's father, alleging that she had furnished the funds for the purchase of it out of her late husband's estate. She brought an amicable suit against the widow and children of Major Taylor, and on the 10th day of September, 1887, procured a decree of the court decreeing that the land was hers as such executrix. On April 7, 1890, plaintiff began the present suit in ejectment to recover possession of said lands. Defendant answered, admitting the legal title of plaintiff, but setting up as a defense a verbal contract with Major Taylor for the purchase of the lands on certain terms set forth. Judgment for plaintiff, and defendant appeals.

*Miller & Stapleton*, for appellant.

*W. Byron Daniels, Geo. H. Steward*, and *Gilbert & Snow*, for appellee.

The opinion of the court was delivered by

HOYT, J. — In 1885 Frank E. Taylor purchased the land in controversy herein, and took a deed therefor in his own name. Soon after such purchase the defendant in this action went upon said land, and has ever since resided thereon. After said Taylor's death his mother, as executrix of the last will of her husband, obtained a decree of the district

court holding terms at Vancouver, Clarke county, in which it was determined that she was the equitable owner of said land, and that said Taylor held the legal title in trust for her. The court thereupon decreed the entire title to be in her. After such decree was entered, she demanded of said defendant possession of the premises, and, the same being denied, brought her action in ejectment to recover the same. Defendant answered, practically admitting her title, but setting up a certain alleged oral agreement between himself and the said Taylor by virtue of which he was entitled to the possession of said land under an agreement to purchase the same for the sum of $3,000 at any time within ten years. The contract as set out in the pleadings made it obligatory on the said Taylor to sell and the said defendant to purchase, but in the proofs defendant's own statement showed that at most the arrangement between him and said Taylor was an option under which he might purchase if he saw fit to do so, but with no agreement or obligation on his part to take the land at the price agreed upon. There was no proof worthy of the name as to any arrangement between said Taylor and the defendant excepting the testimony of the defendant himself; for, while there was some evidence of admissions and loose statements of the said Taylor by other persons than defendant, they were altogether too indefinite to found a right upon. The court below, in deciding the controversy, disregarded the testimony of said defendant, and its action in so doing constitutes one of the principal grounds of complaint here. I think that the action of the court in this matter was right, as in my opinion such evidence was inadmissible under the provisions of our statute in relation thereto. Section 389 of the Code of Washington is as follows:

"SEC. 389. Any person offered as a witness shall not be excluded from giving evidence by reason of his interest in the event of the action as a party thereto or otherwise, but

such interest may be shown to affect his credibility: *Provided, however,* That in an action or proceeding where the adverse party sues or defends as executor, administrator or legal representative of any deceased or insane person, or as a guardian of a minor under the age of fourteen years, then a party in interest or to the record shall not be admitted to testify in his own behalf."

And this was the law in force at the time of the commencement of this action. It was modified, however, by the Laws of 1889–90, so that the last clause now reads as follows:

"*Provided, however,* That in an action or proceeding where the adverse party sues or defends as executor, administrator or legal representative of any deceased person, or as deriving right or title by, through or from any deceased person, or as the guardian or conservator of the estate of any insane person, then a party in interest or to the record shall not be admitted to testify in his own behalf as to any transaction had by him with or any statement made to him by any such deceased or insane person," etc.

And the law as thus modified was in force at the date of the trial. The law as thus modified seems broad enough to cover a case of this kind, beyond question. It is clear that plaintiff claimed by, through or from the deceased person, and that consequently the declarations of said deceased person to either party to the record could not be testified to by them. But appellant contends that the law in force at the date of the commencement of the action should govern, and not that of the date of the trial. I think, however, that, as these statutes provided only a rule of evidence and did not affect any right, this contention cannot be sustained. But, be that as it may, it can make no difference with the question under discussion; for, under the section of the code above quoted, before it was amended the testimony was equally as inadmissible as after such amendment. The words "legal representative" therein used, in my opinion, were intended to, and did, bring the plaintiff within the

provisions of said section. The appellant seems to have confounded the words "legal representative" with "personal representative," while it is clear that, as used in this section, such words have an entirely different meaning, and are broad enough to include the plaintiff in this case as being such a representative of the deceased person as contemplated by such statute. See *O'Neale v. Caldwell*, 3 Cranch C. C. 312; *Johnson v. Ames*, 11 Pick. 173; *Wamsley v. Crook*, 3 Neb. 350.

Appellant takes exceptions to the manner in which the objections to the testimony of said defendant were taken in the court below, and if this were an action at law there might be some force in what he says; but it must be remembered that by the answer of defendant this action was made a proceeding in equity, and that in such cases this court looks at the substance of the case as presented below, and not at any technical exceptions or objections made therein. Besides, if I were of the opinion that the testimony of said defendant had been improperly excluded in the court below, and should investigate the rights of the parties in view of all the evidence introduced, including that of the defendant, the result arrived at would not be more favorable to the appellant. The contract as testified to by him was clearly a unilateral one, under which all the rights were on his side, and none on that of the other party. By the terms thereof, he was to be allowed to buy at any time within ten years, but was under no obligation to buy at all, unless he saw fit to do so. Such a contract could only be enforced in a court of equity where it appeared that one acting thereunder had made great improvements, or otherwise put himself in such a situation that it would be unconscionable to deprive him of the benefits of the position into which the acts of the other party had led him. Defendant's own statement, however, shows that this is not such a case; for, while it is true that

he makes use of some loose expressions as to the amount of his improvements on said land, yet when he is required to particularize he is only able to show four or five hundred dollars' worth of improvements during the whole time he was in possession, and a portion at least of this was for his own benefit, as lessee in possession, and not for the permanent improvement of the place, while a fair rental value of the premises for the time occupied by him was at least $500.

The case made by defendant, even upon his own showing, is insufficient to authorize a court of equity to interfere with the title to the land.    To authorize such action a clear case must be made, not only as to the equities which the proof tends to show, but as to the proof itself.    The equitable defense failing, and the title of the plaintiff being admitted, she was entitled to the possession of the land, and the judgment of the lower court in so decreeing will be affirmed.

ANDERS, C. J., and STILES and SCOTT, JJ., concur.

DUNBAR, J., concurs in the result.