[No. 2352. Decided November 21, 1896.]

R. J. HUSTON et al., Appellants, v. CHARLES BECKER et al., Respondents.

DISTRIBUTION OF DECEDENT'S ESTATE — POWER OF COURT TO CHARGE WITH LIENS — CO-TENANCY — RECOVERY OF EXPENDITURES MADE BY CO-TENANT.

A court exercising probate jurisdiction has no power to direct a distribution of a decedent's estate to the heirs, charged with a lien in favor of the administrator on account of money expended by him for the benefit of the estate.

A claim of one co-tenant against the others on account of expenditures made by him upon the common property of all, cannot be collected otherwise than by the retention of the property until it is paid.

Appeal from Superior Court, King County.— Hon. J. W. LANGLEY, Judge. Affirmed.

John E. Humphries, E. P. Edsen, and Relfe & McCutcheon, for appellants.

White, Munday & Fulton, and Stratton, Lewis & Gilman, for respondents.

The opinion of the court was delivered by

HOYT, C. J.— Prior to January 21, 1888, Charles

Becker and Katharina Becker, husband and wife, were the owners in fee simple of the land described in the complaint. On said day the wife died intestate and left as her only heirs at law her husband, Charles Becker, and their children. Thereafter, Charles Becker was appointed administrator of the estate of his deceased wife, and qualified and entered upon the discharge of his duties as such. He took possession of said real estate, improved the same and built upon the property lasting and valuable improvements; he also paid the expenses of administration.

On the 26th day of April, 1893, he filed a report in the superior court of King county, in which he asked that the amount expended in improving the land, as well as that paid for expenses of administration, should be allowed in the settlement of his trust. Thereupon such proceedings were had that it was found that such administrator was entitled to be credited with the amount so expended, and should be charged with something over $1,600 for use and occupation of the premises, and judgment was entered declaring the balance a lien upon the whole of said real estate, and decreeing that one-half thereof should be a lien upon the interest of the children therein. Afterwards said Charles Becker sold and assigned all his right, title and interest in and to the said lien and decree to the plaintiffs.

In the first count of the complaint filed in this action these facts were alleged and a claim made that by the force of the judgment rendered in the probate proceedings the administrator was entitled to recover of the children the amount adjudged to be a lien upon their interest in the property, and to have such lien enforced, and for that purpose a partition of the

property decreed, and that, plaintiffs having purchased his rights, were entitled to the same relief.

For the second cause of action substantially the same facts were set up and thereunder it was claimed that the said Charles Becker, as tenant in common with the children, was entitled to have one-half of the expenditures made by him declared to be a lien upon their interest, and to have such lien enforced by a partition of the property, or otherwise, as the court might direct, and that plaintiffs were entitled to such relief by reason of having succeeded to the rights of said Charles Becker.

To this complaint a demurrer was interposed by the defendants and sustained by the court. The plaintiffs elected to stand upon their complaint and judgment was entered against them, from which they have prosecuted this appeal.

If the first count stated a cause of action, it is because the judgment entered in the superior court in the probate proceeding was final and binding upon the minor heirs of Katharina Becker. This judgment though in the superior court, was in a proceeding which authorized such court to exercise only probate jurisdiction. This being so, the judgment is void unless it is one that could be rendered by the court exercising such jurisdiction in the matter of the estate of Katharina Becker, deceased. But the object of the administration of such estate was not to incur indebtedness on its account or that of its heirs, but to provide for the payment of claims against such estate, and the distribution of the assets after such claims were paid, and unless this judgment can be fairly construed to have been for the purpose of accomplishing these objects, it was void and of no effect. A superficial examination of the judgment will show

that, though it purported to be by way of approval of the final report of the administrator, it was rendered when it appeared from such purported final report that the estate was not in condition to be closed up and the property distributed. If the money expended by the administrator, as shown by such report or any part thereof, was a proper claim against the estate of the wife, it was the duty of the court to see that such claim was paid out of the property of the estate. It had no power to direct a distribution of the estate to the heirs charged with the lien in favor of the administrator on account of money expended by him for the benefit of the estate. So far at least as the judgment purported to create a lien upon the interest of the heirs in the property, described in the complaint, it was void. And, unless it appeared that plaintiffs had some interest in or lien upon the property, no right of action was shown.

The facts alleged to constitute the second cause of action were insufficient for the reason that the larger portion of the expenditures was not such as could be made by Charles Becker at the expense of his co-tenants, and that which was a proper charge could not be collected otherwise than by the retention of the property until it was paid. Besides, it may well be questioned whether a claim which one co-tenant might enforce as a lien against the interest of his co-tenant could be assigned and enforced by the assignee, who had no interest in the property.

We are unable to discover any theory upon which either of the counts stated a cause of action. The judgment will be affirmed.

DUNBAR, ANDERS and GORDON, JJ., concur.