[No. 4187. Decided September 2, 1902.]

*In the Matter of the Estate of* HORATIO N. BELT, *Deceased.*

ADMINISTRATORS—RECOVERY OF TRUST FUNDS—ESTOPPEL TO DISPUTE ESTATE'S TITLE.

An administratrix is not estopped from denying that the proceeds of a judgment recovered by her in her representative capacity were assets of the estate, where such judgment was for the recovery of trust funds in an action instituted by her intestate in his own name, but in fact as a trustee, and in which she had been substituted as a party on his death.

SAME—TO WHOM ADMINISTRATOR ACCOUNTABLE FOR TRUST FUNDS.

Although an administratrix has in her representative capacity enforced the collection of moneys belonging to a trust fund for which her intestate was trustee, she is not bound to account therefor to the personal creditors of the decedent, but is responsible therefor only to the *cestui que trust.*

PROBATE COURT—JURISDICTION TO TRY TITLE.

Although the superior court sitting in probate has no jurisdiction to try the title to property, yet the court has power to determine the fact whether or not property in dispute belongs to an estate as an asset thereof for the purpose of inclusion in the inventory.

Appeal from Superior Court, Spokane County.—Hon. GEORGE W. BELT, Judge. Affirmed.

*Hyde, Townsend & Tompkins,* for appellant.

*W. J. Thayer,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—This is a proceeding brought in the court below by a creditor of the estate of Horatio N. Belt, deceased, to compel the administratrix thereof to show cause why she should not, as such administratrix, inventory as assets of the estate the proceeds of a certain judgment rendered in favor of the decedent during his life time, and affirmed after his death by this court in favor of the administratrix, who had in the mean while been substituted in decedent's stead.

The petitioner, the appellant here, first became a creditor of the decedent by virtue of a judgment rendered against the decedent August 12, 1898, and during the latter's lifetime, for the sum of $1,994.72, with costs and interest. This has never been paid or satisfied. At the time of the rendition of this judgment Horatio N. Belt was possessed of certain choses in action against the Washington Water Power Company, a corporation, upon which he afterwards brought suit and recovered a judgment for $21,016, with costs and interest. The facts in relation to this last named judgment are as follows: In 1892 the Washington Water Power Company gave to Horatio N. Belt and Isaac Kaufman and others a contract for building a street railroad, which the company never built. Suit was brought against the company for damages for failure to build the road. This suit was brought in the name of Horatio N. Belt. Kaufman's interest therein was sold to W. L. and H. C. Belt, who were sons of Horatio N. Belt. All of the interest of H. N. Belt, the plaintiff therein, a short time after the suit was brought, was sold for a valuable consideration to his wife, Martha J. Belt, but the suit was prosecuted to

judgment in the lower court in the name of Horatio N. Belt. The case was thereupon appealed to this court, but before the affirmance of the judgment by this court Horatio N. Belt died, and Martha J. Belt, his widow, was, as administratrix, substituted in his stead as a party plaintiff, so that the remittitur from this court in its essential portion read thus:

"Adjudged and decreed that the judgment of the said superior court be, and the same is hereby affirmed with costs, and that the said Martha J. Belt as administratrix of the estate of H. N. Belt, deceased, substituted respondent, have and recover from the said Washington Water Power Company and from the Fidelity & Deposit Company of Maryland the sum of $21,016, with interest thereon."

This judgment of affirmance was rendered on May 6, 1901. On May 14, 1901, Martha J. Belt, as such administratrix received and receipted for the proceeds of the judgment in full. On May 15, 1901, Martha J. Belt, as administratrix of the estate of Horatio N. Belt, deceased, returned and filed her inventory of the estate, containing no account of the proceeds of the judgment against the Washington Water Power Company, and showing no assets whatever.

On June 4, 1901, this proceeding was commenced by J. J. Browne, a creditor of the estate of H. N. Belt, deceased A petition was filed in the superior court in the estate of Horatio N. Belt, deceased, in which petition it was alleged that the petitioner was a creditor of said estate in the sum of $2,001.92; that he had presented his claim, which had been allowed; that the administratrix had received the sum of $21,016, which was the proceeds of a judgment in favor of Horatio N. Belt, deceased; that Martha J. Belt, as administratrix, had filed an inventory of the estate, which in-

ventory failed to contain any account of the said sum of
$21,016, and failed to show any assets whatever of said
estate; that a demand had been made upon said adminis-
tratrix to include the said $21,016 in her inventory of said
estate, which demand was refused; and concluded with a
prayer that said administratrix be required to inventory
the said sum of $21,016, or show cause why she should not
do so. An order was issued as prayed for. In answer
thereto the administratrix admitted that she had received
the proceeds of the judgment in question as administratrix,
but alleged by way of affirmative matter that the action in
which said judgment was rendered had been prosecuted by
deceased during his life time as agent and trustee for the
use and benefit of Martha J. Belt, and his two sons, W. L.
and H. C. Belt, and that by virtue of certain declarations
of trust and assignment of the cause of the action all inter-
est in the judgment thereon was in the widow and children,
and that the proceeds thereof were not assets of the estate
of Horatio N. Belt, deceased. The petitioner demurred to
the affirmative matter in the answer on the ground that it
did not state matters constituting a defense. The demurrer
being overruled, a reply was filed denying the allegation
of new matter, and also alleged that Martha J. Belt, hav-
ing received the proceeds of the said judgment as adminis-
tratrix, is estopped to deny that it does not belong to the
estate of H. N. Belt, deceased. Upon the issues made the
cause was tried by the judge of the superior court sitting in
probate in the estate of H. N. Belt, deceased, and the court
found that the proceeds of the judgment was not the prop-
erty of the estate, and dismissed the petition. From this
order this appeal is prosecuted.

Appellant argues the errors assigned under three heads,
substantially as follows: (1). Respondent having re-
covered the judgment and received the proceeds thereof as

administratrix, she is, as such administratrix, estopped in a proceeding against her as such, to deny that said proceeds constituted assets of the estate. (2). Assuming that there is no estoppel upon the administratrix, the probate court had no power to hear, try, or determine in this proceeding, the title of third parties claiming the fund in question. (3). Assuming that the probate court had power to determine the title of third parties to the money in question, and that the evidence showed it to have been held by decedent as a trust fund, yet having been recovered and received by the administratrix, in that capacity, it had to be held and accounted for, in the form in which it was recovered.

Appellant cites a number of cases in support of the first point, but upon examination we find all these to be cases where the money was actually the property of the estate, and liable for the debts thereof. They do not discuss the point whether trust funds, as such, are assets of the estate, and liable for the debts of the decedent; nor do they hold that, where an administrator receives and receipts for a fund which is a trust fund, that such funds must be inventoried and held by him as other property of the estate liable for decedent's personal debts. Where a person dies possessed of trust funds, such funds do not, by reason of the death of the trustee, become liable for the debts of his estate. The relation of the *cestui que trust* is not changed. The property still belongs to him. While the administrator is no doubt entitled to the possession of the trust funds, he is liable to account therefor to his principal either in his individual or representative capacity. *De Valengin's Admrs. v. Duffy,* 14 Pet. 282. He is not bound to proceed in the execution of the trust, but must preserve the fund for those entitled thereto. 2 Woerner, American Law of Administration (2d ed.) § 321. It has been held that

an inventory is not conclusive as to the decedent's owner-
ship of the property, either against a third person or
against an executor or administrator. *Lamme v. Dodson,* 4
Mont. 560 (2 Pac. 298) ; *Anthony v. Chapman,* 65 Cal. 73
(2 Pac. 889) ; *Baker v. Brickell,* 87 Cal. 329 (25 Pac. 489,
1067) ; *Fulcher v. Mandell,* 83 Ga. 715 (10 S. E. 582) ;
*Stewart's Estate,* 137 Pa. St. 175 (20 Atl. 554) ; *White v.
Shepperd,* 16 Tex. 163. If the filing of an inventory is
not conclusive against the claim of an administrator to
property therein contained, certainly where the adminis-
trator comes into possession of property, and refuses to
inventory it upon the claim that it does not belong to the
estate, but belongs to some third person or to himself, no
estoppel as to the title can be pleaded simply because, as in
this case, the property was received in a representative ca-
pacity.

It is next argued that the probate court had no power in
this proceeding to determine the title of third parties
claiming the fund in question. This court held in *Stewart
v. Lohr,* 1 Wash. 341 (25 Pac. 457, 22 Am. St. Rep. 150)
that the probate court is without jurisdiction to try the title
to property as between the representatives of an estate and
strangers thereto. See, also *Huston v. Becker,* 15 Wash.
586 (47 Pac. 10), and *In re Alfstad's Estate,* 27 Wash.
175 (67 Pac. 593). Under these decisions the superior
court sitting in probate had no jurisdiction to determine
the title of third parties claiming the fund. But we do not
understand from the record in this proceeding that the
court undertook to determine the title of any person to the
property. The court found as a fact "That the moneys
mentioned in the petition are not any part of the assets of
the estate of said deceased," and for that reason dismissed
the petition. The statute provides at § 6201, Ballinger's
Code:

"Every executor and administrator shall make and return, upon oath, into the court, within one month after his appointment, a true inventory of the real and personal estate of the deceased, which shall come to his possession or knowledge."

Section 6204:

"The inventory shall also contain an account of all moneys belonging to the deceased, which shall have come to the possession or knowledge of the executor or administrator; and if none shall come to his possession or knowledge, the fact shall be so stated in the inventory."

Section 6209:

"Whenever property not mentioned in an inventory shall come to the knowledge and possession of the executor or administrator, he shall cause the same to be appraised in the manner prescribed in this chapter, and an additional inventory to be returned, subscribed and sworn to as is provided in this chapter, as soon as practicable after the discovery thereof, and the making of such inventory may be enforced, after notice, by attachment to which may be added the revocation of the letters. "

These proceedings were instituted under this last section by a petition filed by appellant in the estate of Horatio N. Belt, deceased, in the probate department of the superior court. The respondent was notified to include the money in question in the inventory or show cause why she did not do so. She appeared in obedience to the notice, and showed that the property did not belong to the estate. One of two rules must obtain; viz., respondent was either entitled to be discharged upon her answer, or the court had jurisdiction to determine the question whether the property belonged to the estate, or there was a reasonable claim thereto by the estate. Neither rule aids the appellant, because, if the first rule obtains, it was the duty of the court to dismiss the petition when the answer was filed. The second rule was followed, and we think this rule must pre-

vail,—that when a question arises, in the administration
of an estate, whether property shall be inventoried as a
part of the estate or not, the probate court may hear evi-
dence sufficient to determine whether the property in ques-
tion belongs to the estate, or the estate has any interest
therein, or has reasonable claim thereto, which claim may
become an asset of the estate; not for the purpose of ju-
dicially determining the title of any property claimed by
any third person, but to determine the good faith of the
claim.   The statute does not require property or money to
be inventoried, unless it *belongs to the estate,* and the court
will not *require* money to be inventoried which does not be-
long to the estate, and is not an asset thereof.   Mr. Schou-
ler, in his work on Executors (3d ed.) at § 205, says:

"If goods, money, or securities belonging to another
person lie amongst the goods of the deceased, capable of
identification, and they come altogether to the hands of the
personal representative, such other person's things are not
to be reckoned among assets of the estate.   Nor is money
collected by an attorney, factor, or agent, and kept dis-
tinct and unmixed with the rest of his property.   So,
property held by a trustee or fiduciary officer is not assets
in the hands of his executors, administrators or assignees;
but a new trustee should rather be appointed to hold the
fund in the stead of the decedent.   Only those things in
which the decedent had a beneficial interest at his death are
assets, and not those which he holds in trust or as the bailee
or factor of another."

Mr. Woerner, in his work on the American Law of Ad-
ministration (Vol. 2 [2d ed.], § 317), says:

"The executor or administrator can be required to in-
ventory only the property which belonged to the decedent
at the time of his death, in his own right, or to which the
personal representative is entitled in his official capacity,
as distinguished from the heir, legatee, widow, or donee
*mortis causa* of the testator or intestate.   The court has no

power, therefore, to compel the administrator to inventory property not clearly belonging to the estate. On the other hand, the court should not reject an inventory exhibited because it contains property the title of which is in dispute; because, as appears in a former chapter, the probate court has no power to try the title to property between the personal representatives and strangers."

See, also, *Snodgrass v. Andrews*, 30 Miss. 472 (64 Am. Dec. 169); *First National Bank v. Hummel*, 14 Colo. 259 (8 L. R. A. 788 and note); 11 Am. & Eng. Enc. Law (2d ed.), p. 849, and authorities cited.

In a case of this kind the court has jurisdiction to determine *prima facie* the fact whether or not the property belongs to the estate and is an asset thereof. This adjudication is not binding upon any person afterwards claiming the property in another forum, but is for the purpose only of determining whether the administrator shall be forced to make an inventory thereof.

Appellant's last point, viz., assuming the money in question to be a trust fund, yet, having been recovered and received by the administratrix acting in that capacity, it must be held and accounted for in the form in which it was received, cannot aid him. Much of what is said above on the first point applies equally to this one. But if we concede that appellant is correct in this position, we are unable to see how he is interested therein, because he is a creditor of the estate of Horatio N. Belt, deceased. Only the assets of that estate are liable for this claim. If these funds are trust funds, not belonging to the estate, and which deceased, as agent, was engaged in collecting in his lifetime for his principal, and to be accounted for by Mrs. Belt as administratrix, she must account to her principal for the whole thereof. 2 Pomeroy, Equity Jurisprudence (2d ed.) § 1063 *et seq.* The personal debts of Horatio N.

Belt cannot be paid from these funds. The personal creditors of Horatio N. Belt therefore have no interest in having the same included in the inventory of his estate.

There is no error in the record and the cause is affirmed.

REAVIS, C. J., and WHITE, ANDERS, HADLEY and DUN-BAR, JJ., concur.