[No. 4368.  Decided December 30, 1902.]

GEORGE E. CLANCY, *Appellant,* v. JAMES F. McELROY, *Executor, Respondent.*

EXECUTORS — FAILURE TO FILE INVENTORY — REMOVAL — DISCRETION OF COURT.

Bal. Code, § 6208, authorizing the court to revoke letters testamentary, where the executor fails to file his inventory of the estate within the period prescribed by statute, or within such further time, not exceeding three months, as the court shall allow, is directory instead of mandatory, and the authority of the court to remove in case of a failure of the executor to comply rests in its sound legal discretion.

Appeal from Superior Court, King County.—Hon. BOYD J. TALLMAN, Judge. Affirmed.

*Root, Palmer & Brown,* for appellant.

*John B. Hart,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Thomas Clancy died testate in King county, leaving a valuable estate. In the will nineteen legatees received bequests, among whom was the appellant, who received $15,000. The will appointed the respondent executor, who thereupon duly qualified and received his letters as such executor. The appellant thereafter instituted this proceeding to remove the executor, and prayed that some suitable person might be appointed administrator of the estate to administer the same under the provisions of the will. The cause for such removal, upon which the case is brought here for review, was failure of the executor to file the inventory of the estate within the time prescribed by § 6201, Bal. Code, which reads as follows:

"Every executor and administrator shall make and return, upon oath, into the court, within one month after his appointment, a true inventory of the real and personal estate of the deceased, which shall come to his possession or knowledge."

The facts, as they appeared on the hearing, were that the executor secured an order extending the time for filing the inventory for thirty days; that he, within the extended time, made out and verified such inventory, but, through accident and inadvertence, such inventory was not formally filed in the court until after the time prescribed for filing the same by the statute had lapsed; that after the commencement of this proceeding, and upon notice of the same, the executor immediately filed the inventory, which had been so prepared and verified.    Section 6208, Bal. Code, provides as follows:

"If any executor or administrator shall neglect or refuse to return the inventory within the period prescribed, or within such further time, not exceeding three months, as the court shall allow, the court shall revoke the letters testamentary or of administration; and the executor or administrator shall be liable on his bond to any party interested for the injury sustained by the estate through his neglect."

Appellant urges that this section is mandatory, and no discretion is vested in the superior court as to the removal of the executor when he has failed to file the inventory within time.    This is the only question presented for consideration.    No such statutory provision in the same terms has been brought to our attention; but it is a familiar rule of statutory construction that the spirit as well as the letter must be considered in determining whether its provisions are mandatory or directory.  The words "may" and "shall" may be used according to the context and intent found

in the statute, and are frequently construed interchangeably. From the reading of these two sections in connection with the received construction and nature of probate procedure and the ordinary discretion of the superior court in such proceedings, it is concluded that the authority of the superior court to remove the executor in this case rests in a sound legal discretion. Considering that the failure of the executor to formally file the inventory was through mere inadvertence and forgetfulness, and the further fact that he was the trustee selected by the testator, and otherwise competent to manage the estate, no abuse of discretion is perceived in the court's ruling.

Affirmed.

DUNBAR, FULLERTON, MOUNT and ANDERS, JJ., concur.