[No. 11932. Department Two. November 14, 1914.]

*In the Matter of the Estate of* ALMA L. MARTIN.
MABEL POLK, *Appellant,* v. WILLIAM G. MARTIN,
*Administrator, Respondent.*[1]

EXECUTORS AND ADMINISTRATORS—RIGHT TO PROPERTY—INVENTORY —DETERMINATION OF RIGHT—TIME. All questions concerning the ownership or right of possession of property, claimed by a person having an interest in the estate to be the property thereof, are to be tried and determined during the course of administration, in view of Rem. & Bal. Code, §§ 1450, 1458, making it the duty of the administrator to file a true inventory of all property within thirty days, or as soon thereafter as any property is discovered, on pain of attachment or revocation of letters, and § 1461, providing for citation in case any one interested in the estate complains that property has not been inventoried.

APPEAL—DECISIONS REVIEWABLE—ORDERS IN PROBATE—AFFECTING SUBSTANTIAL RIGHTS—FINALITY. Since the right to property claimed to belong to an estate is to be determined in probate during the course of administration, an order sustaining a demurrer to the petition and dismissing a citation to the administrator to compel him to include certain property in his inventory, is appealable under Rem. & Bal. Code, § 1716, subd. 6, as an order affecting a substantial

[1]Reported in 144 Pac. 42.

right which in effect determines the right or proceeding and prevents a final judgment therein.

APPEARANCE—WAIVER OF DEFECTS. Defects in a citation to an administrator are waived by the filing of a general appearance.

SAME—WAIVER OF SPECIAL BY GENERAL APPEARANCE. A special appearance to quash a proceeding in probate is waived where the party subsequently filed a general demurrer to the petition without saving his special appearance.

EXECUTORS AND ADMINISTRATORS—PROCEEDINGS—TRIAL OF TITLE TO PROPERTY—JURISDICTION. Since the superior court, in a probate proceeding, under our constitution, can exercise all the powers of a court of general jurisdiction, on citation to compel the filing of a proper inventory, it has jurisdiction of the parties and subject-matter to try out the right and title to property in dispute, with or without a jury as may be appropriate.

SAME—TRIAL OF TITLE TO PROPERTY—PETITION—SUFFICIENCY. A petition by an heir to compel the administrator to inventory certain property is sufficient where it shows that the property belongs to the estate and that the administrator, on demand, has refused to do so.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered December 27, 1913, in probate, dismissing a citation to the administrator to correct the inventory, upon sustaining a demurrer to the petition. Reversed.

*Hamlin & Meier*, for appellant.

*F. W. Moore*, for respondent.

FULLERTON, J.—Alma L. Martin died, intestate, in Kitsap county, on April 21, 1913, leaving an estate therein, consisting of real and personal property. She left, as her heirs at law, her husband, William G. Martin, and a daughter by a former marriage, Mabel Polk. Letters of administration on the estate were granted to the husband, Martin, on May 10, 1913, who in due time thereafter returned and filed in the estate proceedings an inventory of the property of the estate. On December 13, 1913, the daughter, conceiving that the administrator had not made and returned a true, correct, and

full inventory of the property of the estate, filed in the superior court a petition praying that a citation be issued to the administrator requiring him to appear on a day certain and show cause why certain property alleged to have been omitted from the inventory should not be included therein. The petition, after reciting the death of Alma L. Martin, the appointment of William G. Martin as the administrator of her estate, the filing by the administrator of an inventory purporting to be a full and correct inventory of the property of the estate, continued as follows:

"That the said inventory so made and returned into court by the said administrator is not a true, full, and correct inventory of the property belonging to said estate, in that the said inventory includes only an undivided community interest of one half in and to the real property described in said inventory; further, in that the said inventory does not contain all of the household goods and effects of said deceased; further, in that certain other personal property has not been included therein, to wit: an automobile of the value of about $400, and certain shares of stock in the Bremerton-Charleston Light & Fuel Co., a corporation, of the value, as your petitioner is informed and believes, of $2,000; further, in that the said inventory does not include moneys on hand and in the possession of the said William G. Martin at the time of the death of said decedent, all of which property so omitted from the said inventory was the community property of the said Alma L. Martin, deceased, and the said William G. Martin, her husband.

"That your petitioner has heretofore made due demand upon the said administrator to include in an inventory of the property of said estate the property above described, to comply with which said demand the said administrator has failed, neglected, and refused."

On the filing of the petition, the court directed that a citation issue as prayed for therein, directing the administrator to appear on December 27, 1913. A citation was issued as directed, service of which was made on the administrator. On the day appointed, the administrator appeared specially and objected to the jurisdiction of the court to proceed to

a hearing upon the petition, on the ground that the citation was not under the seal of the court, that no copy of the petition was attached to the citation, and because the citation failed to show that the petitioner had an interest in the estate. The objections were overruled by the court, whereupon the administrator demurred generally to the petition. This demurrer the court sustained, and entered an order dismissing the proceedings. The petitioner, feeling aggrieved by the order of the court, prosecutes this appeal.

The respondent moves to dismiss the appeal, basing his motion on the ground that the order is not reviewable as an independent order, but must be reviewed, if reviewed at all, on an appeal from the order settling the final account of the administrator with the estate and directing the estate's distribution. But we think the order appealable as an independent order. By § 1450 of Rem. & Bal. Code (P. C. 409 § 295), it is made the duty of the administrator to make and return into court within one month after his appointment, a true inventory of all the property belonging to the decedent that shall come to his possession or knowledge. By § 1458 (P. C. 409 § 311), it is provided that, whenever any property shall come to the knowledge or possession of the administrator not included in the inventory, he shall cause the same to be inventoried and appraised as soon as practicable after the discovery thereof, and the making of such inventory may be enforced after notice by attachment to which may be added the revocation of the letters. By § 1461 (P. C. 409 § 317), complaint to the court that property belonging to the estate has not been inventoried and appraised may be made by an heir, creditor, legatee, or any one interested in the estate, and it is made the duty of the court, on such complaint being made, to cite the person holding such property to appear and be examined touching the same. These sections of the statute clearly contemplate that all questions concerning the ownership or right of possession of property, claimed by a person having an interest in the estate to be the property

thereof, shall be tried and determined during the course of the administration. And it must follow as of course, we think, that an appeal from such orders as the court may make in the premises, shall be taken within the time limited by statute for taking appeals. Any other rule would prolong the administration of the estate, and would not, as the respondent supposes, result in the bringing of questions touching the due administration of the estate before the appellate court by piecemeal. If, for example, this court should conclude with the respondent that the order here appealed from was reviewable only on an appeal from an order settling the final account, and an appeal should be taken from that order, it is plain that, if the court should then determine that the order is erroneous, it would pass upon no other question, but would send the case back with instructions to proceed with the hearing, and, if property was discovered not administered upon, to proceed further with the administration of the estate. In other words, the court would be compelled to hold that the final settlement of the estate was had prematurely, and that other questions, dependent upon the final settlement, were not before the court for review. Moreover, it is not only the policy of the statute, but to the interest of heirs, legatees and creditors of an estate, that the property belonging thereto be brought at once within the jurisdiction of the court, as the person thereafter having it in possession must give bond for its safe keeping, thus lessening the possibility of its loss to the persons to whom it will ultimately come.

The right of appeal from orders in probate which affect a substantial right seems not heretofore to have been questioned in this court. In *Clancy v. McElroy*, 30 Wash. 567, 70 Pac. 1095, an appeal was entertained from an order refusing to remove an executor of an estate, and in *In re Belt's Estate*, 29 Wash. 535, 70 Pac. 74, 92 Am. St. 916, an appeal was entertained from an order refusing to compel an administratrix to inventory certain property claimed by a creditor

to be property of the estate—the precise question presented in the case at bar. In neither of these cases was there a motion to dismiss, but, had there been doubt in the mind of the court as to the appealability of the orders, the question would have been suggested by the court itself. Statutory authority for such appeals is found in subdivision 6 of § 1716 of Rem. & Bal. Code (P. C. 81 § 1183), which allows an appeal from an order affecting a substantial right in a civil action or proceeding, which in effect determines the action or proceeding, and prevents a final judgment therein. Our conclusion is, therefore, that the motion to dismiss must be denied.

It is next insisted that the trial court was without jurisdiction to hear the controversy upon its merits, and that this court is likewise without such jurisdiction, for the reasons stated in the motion to quash the citation. But a citation in a probate proceeding is only a means of giving a party notice of the pendency of adversary proceedings, and service thereof is waived by a voluntary appearance of such party. While the respondent in this instance did at first appear specially and object to the jurisdiction of the court because of defects in the citation, he also, when his special appearance was overruled, demurred generally to the petition without saving his special appearance. This was a general appearance, and waived any right thereafter to claim want of jurisdiction over his person, or want of regularity in the citation. *Calhoun v. Nelson*, 47 Wash. 617, 92 Pac. 448; *Springfield Shingle Co. v. Edgecomb Mill Co.*, 52 Wash. 620, 101 Pac. 233, 35 L. R. A. (N. S.) 258; *Bellingham v. Linck*, 53 Wash. 208, 101 Pac. 843; *Columbia & Puget Sound R. Co. v. Moss*, 53 Wash. 512, 102 Pac. 439.

The grounds upon which the trial judge rested his decision on the merits of the controversy do not appear in the record, but it can be gathered from the briefs of counsel that he thought the court, in the exercise of its jurisdiction over matters of probate, was without power to inquire into the

title to property, the ownership of which was in dispute. There are cases from this court which support this view, the most notable of which is, perhaps, the case of *In re Alfstad's Estate*, 27 Wash. 175, 67 Pac. 593. But the doctrine of this case has been disapproved in the later cases of *Filley v. Murphy*, 30 Wash. 1, 70 Pac. 107; *Reformed Presbyterian Church v. McMillan*, 31 Wash. 643, 72 Pac. 502; *In re Sall*, 59 Wash. 539, 110 Pac. 32, 626, 140 Am. St. 885; *In re Williamson*, 75 Wash. 353, 134 Pac. 1066; and *State ex rel. Keasal v. Superior Court*, 76 Wash. 291, 136 Pac. 147.

The case of *Filley v. Murphy* is similar in its facts to the present case. There an administrator of an estate had been removed and a successor appointed. The succeeding administrator claimed that certain property in the hands of the first administrator was property of the estate, and made demand upon him for its possession. Possession was refused on the ground that the property was individual property and not property of the estate. The succeeding administrator thereupon, by petition and citation, sought to recover the possession of the property. The court, after a hearing, entered judgment granting the prayer of the petition. On appeal to this court, it was urged that, because there was an adverse claim to the property, the court was without jurisdiction to determine the issue. Passing upon the question, the court, Judge Hadley delivering the opinion, used this language:

"In this state we have no probate court, properly speaking, as distinguished from the court that entertains jurisdiction of other matters. The court of general jurisdiction also hears and determines probate matters. Matters pertaining to probate are referred to what is called 'probate procedure,' as distinguished from what is denominated 'civil' or 'criminal procedure.' But when the court, sitting in a probate proceeding, discovers in a petition the statement of facts which forms the basis of a controversy, we see no reason why it may not settle the issues thereunder when an appearance has been made thereto, and then proceed to try it in a proper

manner, as any other civil cause.   The court may require the proceeding to be separately docketed, if, when the issues are formed, it appears to be such as should be thus docketed. Whether a citation should have issued on the strength of this petition or not, it is nevertheless true that appellant responded to the citation, and appeared generally by demurrer to the petition, and asked its dismissal simply on the ground that the court could not hear it as a probate proceeding.   We think it was not necessary to sustain the demurrer and dismiss the proceeding on that ground.   But under our liberal practice as to the form of actions the petition could be treated as in the nature of a complaint.   The issues could be framed thereunder, and the cause tried without requiring another statement of the same facts under some other form or name.   If it developed that it was not properly a probate proceeding, it would not be treated as such.   We think the court did not err in overruling the demurrer and in refusing to dismiss the petition."

In the case of *State ex rel. Keasal v. Superior Court,* the latest expression of opinion by the court upon the question, this language was used:

"In conferring jurisdiction upon the superior courts in probate matters, the constitution makers did not carve out a section of the jurisdiction of the courts of this state and confer it as a limited subject upon the superior courts as probate courts of limited jurisdiction.   The failure at all times to observe this fundamental fact has led to some confusion in our own decisions.   The constitution simply throws probate matters into the aggregate jurisdiction of superior courts as courts of general jurisdiction, to be exercised along with their other jurisdictional powers, legal and equitable, and as a part of those general powers.   .   .   .

"When a superior court has presented to it through a petition, in any matter of probate, any issue touching the estate, it has jurisdiction both of the parties and of the subject-matter, and it deals with them not as a court of limited, but of general, jurisdiction.   It may exercise all of its powers, legal or equitable, and may even invoke the aid of a jury to finally determine the controversy.   The constitution has no more limited its powers in such cases than in others of which

jurisdiction is conferred by the same constitutional provision."

Under the rule of these cases, it is clear that a superior court in a probate proceeding can exercise all of the powers of a court of general jurisdiction. It has power in such a proceeding to determine every matter necessary to the due administration of an estate, and it is its duty to do so, when such matters are properly presented for its consideration. So in the case at bar, if there is a substantial dispute as to the ownership of the property described in the petition, it can determine the issue in the manner such issues are usually determined. If equitable issues are presented, it may try the issues as a court of equity; if legal issues are presented, it may try the issues as a court at law, and to that end may set the cause for hearing at some convenient session when a jury will be present for the trial of such issues.

Some question is made as to the sufficiency of the allegations of the petition, but we are unable to see wherein it is faulty in this respect. It very clearly appears therefrom that an heir of the estate contends that certain described property, which the administrator has not caused to be inventoried or appraised, is property of the estate, that demand has been made upon the administrator to cause such property to be inventoried and appraised, and that the administrator has refused so to do. These facts are sufficient to constitute a ground of complaint requiring the administrator to answer.

The order is reversed, and the cause remanded with instructions to require the administrator to answer to the petition.

CROW, C. J., PARKER, MORRIS, and MOUNT, JJ., concur.