GEORGE A. HOMER'S APPEAL FROM PROBATE.

Where a third person claims property in the hands of an administrator, the court of probate has no power to try the question of title, and to make an order that the administrator deliver the property to the claimant.

APPEAL FROM PROBATE, taken to the Superior Court in Hartford County. The court, (*Pardee J.*,) affirmed the decree of the probate court, and the appellant brought the record, which contained a finding of the facts, before this court by a motion in error.

The case is sufficiently stated in the opinion.

*Goodman*, in support of the motion.

*Hyde*, contra.

VOL. XXXV. 15

35 113
62 223
35 113
63 338
35 113
68 90
35 113
71 129

PARK, J.  It appears in this case, that while the estate of Mary R. Mason, deceased, was in process of settlement in the court of probate for the district of Suffield, Jarvis K. Mason appeared before the court, and claimed that, as her husband, he was by law trustee of her estate, and as such trustee was entitled to the possession of all the personal property belonging to the estate during his life, and moved the court to reject the distribution that had been made of the estate, and pass an order requiring the administrator to deliver to him all the personal property belonging to the estate that was in his possession.  The court entertained the motion, and decided that the said Jarvis K. Mason was trustee of the estate, and as such trustee was entitled to the possession of all the personal property belonging to the estate during his life, and there upon rejected the distribution that had been made of the estate, and passed an order requiring the administrator to deliver into the possession of said Mason all the personal property belonging to the estate, that was found to be in his possession when he settled his administration account.  From this order the appellant, an heir at law of Mary R. Mason, appealed to the Superior Court, which affirmed the decree of the probate court, and he now brings the case here by a motion in error.

It is manifest that the court of probate had no authority to pass the order appealed from.  It was decided so long ago as *Gold's case*, reported in Kirby, 100, that a court of probate ought not to reject an inventory of an estate, the title of a part of which is in dispute, for if any part of the estate is claimed by a third person, the parties have the right to try the title at common law.  Much less, in the case under consideration, could the probate court try and determine in this summary mode the title to property in dispute, and pass an order upon the administrator requiring him to deliver pos session of the property to the party in whose favor the decision was rendered.

We are of opinion therefore that there is manifest error in the judgment of the Superior Court, and it is reversed.

In this opinion the other judges concurred.