NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
October, 1880.

## MATTER OF MCINTYRE.

*In the matter of the estate of* CHARLES MCINTYRE, *deceased.*

Where, upon an application to compel the administrator to file a further inventory, the administrator denies the existence of further assets, the application must be refused.

Section 2715 of the Code of Civil Procedure, providing for a compulsory return of an inventory, confers no new power on the Surrogate, but is merely declaratory of the law as already adjudged.

APPLICATION to require the administrator of this estate to file a further inventory. The answer of the administrator, verified by him, alleged that he had included in his inventory all the property that belonged to the estate of decedent.

W. & S. W. FULLERTON, *for motion.*

G. A. SEIXAS, *opposed.*

THE·SURROGATE.—By the former statute authorizing the Surrogate, in case of the neglect of the executor or administrator, to require him to appear and return an inventory, &c., there was no provision made for the. amendment of an inventory, but in Sheldon *v.* Bliss (8 *N. Y.*, 31), it was held that the Surrogate might require the inventory to be amended, where the executor had made no exception of articles for the use of the widow ; and in *Redfield's Law & Practice*, page 216, it is stated that the power to require such amendment was not derived from the language of the statute in reference to the return of inventory, but from the general statutes authorizing Surrogates to direct and control the conduct and settle the accounts of executors and administrators, and administer justice in all matters relating to the affairs of deceased persons ; but under said statute it was held, in Thomson *v.* Thomson (1 *Bradf.*, 31), that while the court might order an inventory to be amended, if the answer confess more assets, yet if such further assets shall not be admitted, proof will not be received to contradict the answer, and the reason of· this rule is stated that the inventory is required by law to be under oath, and that the court cannot order assets to be inserted in the inventory without the parties' oath, nor can it

compel an executor or administrator to swear to assets, possession of which he has twice already denied, viz. : on the inventory, and then in the answer denying the allegations ; and the conclusion in that case was, that if there was any error in the inventory, it must await correction on accounting by the representative of the estate.

Thus stood the law until the present Code went into effect, which, by section 2715, expressly provides, that the Surrogate, on a proper application, may require the executor or administrator to return an inventory, or further inventory, and the question is whether this makes any substantial change of the law, as it had been wisely adjudged by Surrogate BRADFORD. From the nature of the proceeding and reason also, I am of the opinion that the special authority of the Surrogate, conferred by that section, to cause a further inventory, does not change the authority of the court in respect to it, but only makes special provision for what had been adjudged to be a necessary implication of authority.

I am, therefore, of the opinion that this court has no power to require any examination of the parties or witnesses, for the purpose of testing the correctness of the inventory filed ; and that any errors therein must be corrected on a future accounting ; and that the answer of the administrator is a complete defense to the application ; and that the petition should be dismissed : for the impropriety of requiring the representative of an estate to verify an inventory, which, in effect, he has twice sworn is not true, is as applicable to proceedings under the new Code, as under the former statute.

Ordered accordingly.