under his control. It is further provided that all sums that may be paid on account of the purchase price shall be deemed compensation for the use of the articles while in the possession of the vendee, contemplating a continued possession rather than a sale. I do not feel justified in finding from these circumstances, and without any direct evidence of such an understanding, that the boilers were sold and delivered to Ellison & Co. upon any understanding by the plaintiff that they were only for a sale over by them. The defendant urges, further, that both parties are the victims of wrongdoing of Ellison & Co., and that, as between them, the loss should fall on the one by whose act the injury was permitted. I do not think that any such principle is applicable to the situation of these parties. The plaintiff is asserting his legal title to these articles, of which he has never been devested. So long as the legislature sees fit to allow possession of boilers to be parted with on conditions as to title which are valid without being made matter of record, the plaintiff had the right to make such a sale, and must·be upheld in his legal rights, even at the expense of the victims of the opportunity for ·dishonesty so furnished. If the original owner of these articles had lost them by a larceny, no succession of purchases by innocent parties without notice could deprive him of his right of retaking them. This defendant, as the recipient of a conversion, is in no better position. It is true that the ·defendant's predecessors in title had. nothing to put them on their guard against supposing that their contractor was furnishing his own articles, and custom does not suggest making such an inquiry. But their want of no ordinary precaution does not relieve them from the misfortune that may happen to any innocent purchaser, of having dealt with one who had no title, and they must bear the consequences of the rule caveat emptor. The chattels have been taken from the defendant by a marshal under a writ of replevin obtained by the plaintiff. No evidence has been furnished of any damages by reason of detention by the defendant. Judgment must be rendered accordingly in favor of the plaintiff, awarding him possession of the chattels described in the complaint, with the costs of this action."

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

Gantz & Neier, for appellant.
Meyer & Gilbert, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of the lower court.

---

(57 App. Div. 232.)

In re GOUNDRY'S ESTATE.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.)

1. APPEAL—ADMINISTRATOR'S BOND—INCREASE.
 Under Code Civ. Proc. § 2664, requiring that administrators give bond in a penalty fixed by the surrogate, not less than twice the value of decedent's personalty, a surrogate's order increasing the penalty of an administratrix's bond on a showing sufficient to raise a question as to whether or not certain property, not included in the inventory, belonged to the estate, would not be disturbed on appeal, since the amount of the penalty of the bond was largely discretionary with the surrogate.

2. SAME—PROPERTY—OWNERSHIP—DETERMINATION.
 Since the ownership of property alleged to belong to an estate, to which an administratrix claims title, could be determined on an accounting, under Code Civ. Proc. § 2731, declaring that, on the judicial settlement of the accounts of an administrator, a contest arising in reference to property alleged to belong to the estate, but claimed by the accounting party, shall be determined, etc., the question of such ownership could not be entertained by the surrogate in an application to compel the filing of an amended inventory.

Appeal from surrogate's court, Schuyler county.

Application by Mary Ann Brink to compel Hannah Goundry, the administratrix of the estate of Catherine Goundry, to file a new bond and an amended inventory. From an order granting the application, administratrix appeals. Modified.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

I. A. Seamans, for appellant.
Charles H. McMaster, for respondent.

PER CURIAM. The decisions of the surrogate upon two applications are presented by this appeal: First, an application to increase the amount of the penalty in the administrator's bond; secondly, to add to the inventory filed certain securities and personal property claimed to have belonged to the deceased at the time of her death, and which Hannah Goundry, the administratrix, had failed to put thereon. The applications were made by one of the next of kin of the deceased. Citations were issued upon such applications, and made returnable at the same time. Both were heard together, and the decision upon each was contained in the one order from which this appeal is taken.

As to the application to increase the penalty of the bond, made under the provisions of section 2597 of the Code of Civil Procedure, we are of the opinion that the order made therein should be affirmed. The personal property stated in the inventory filed amounted to some $60, and the penalty of the bond filed was $400. Although the property, amounting to some $3,000, which the petitioner claims should have been inventoried, is not shown to be assets of the estate, enough appeared to the surrogate to raise a question whether it would not, upon an accounting, be shown to belong to the estate. Section 2664 requires the administrator to give a bond, and provides that it shall be in a penalty fixed by the surrogate, not less than twice the value of the personal property of which the decedent died possessed, etc.; thus leaving it very largely to the discretion of the surrogate as to how large a penalty he will require. Under the circumstances of this case, we see no reason for interfering with the decision of the surrogate in this respect.

As to so much of the order appealed from as requires the property in dispute to be included in the inventory filed, we are of the opinion that it must be reversed. It seems to be settled practice that, if the administrator claims title to the property, the surrogate must dismiss the proceeding, and the question of ownership will be determined upon the final judicial settlement of the administrator's accounts. That such an inquiry can be had upon such accounting is plain from section 2731 of the Code. And that it will not be entertained upon an application to file a sufficient inventory, under section 2716, is clearly decided in the following cases: Thompson v. Thompson, 1 Bradf. Sur. 31; Montgomery v. Dunning, 2 Bradf. Sur. 220; In re McIntyre, 4 Redf. Sur. 489; In re Arbogast's Estate, 9 Civ. Proc. R. 232. In this respect the petitioner has mistaken her remedy;

and, although the order made may be practically harmless to the administratrix, it is not warranted by the practice, and should not, therefore, be sustained.

Some suggestion is made in the respondent's points that the inventory filed is not correct in form. That question was not considered in the proceedings before the surrogate, and does not seem to be now before us. The order which we now make can be without prejudice to a proper proceeding to correct any such material error.

So much of the order appealed from as requires the execution of a new bond is affirmed. So much of it as requires that the property therein specified be added to the inventory is reversed, and application for that relief is dismissed. No costs of this appeal are allowed to either party.