**BRADY, ESTATE OF, In Re**

Probate Court, Cuyahoga Co

No 275672.   Decided July 11, 1941

Locher, Green & Woods, Cleveland, for J. W. Woods, Receiver of The General Title & Trust Co.

O. D. Eshelman, Cleveland, for Roland E. Remley, Receiver of The North American Securities Co.

W. P. Newton, Cleveland, for Matthew Dignan.

Bushnell, Burgess & Fulton, Cleveland, and Suggs I. Garber, Cleveland, and Howard D. Burnett, Cleveland, for Roma M. Brady, Administratrix.

### OPINION

By BREWER, J.

Bruce B. Brady died on the 11th day of July, 1939. Roma M. Brady, his surviving spouse, was appointed administratrix on the 24th day of July, 1939. An inventory and appraisal was filed on the 2nd day of November, 1939, and three separate exceptions were filed thereto, namely: on November 25, 1939, December 27, 1939, and July 3, 1940.

The exceptions filed as of July 3, 1940, are as follows:

"Now comes J. W. Woods, duly appointed, qualified and acting receiver of The General Title & Trust Company, an Ohio corporation, having been appointed by the Common Pleas Court of Cuyahoga County in Case Number 491,-035, and being, as such receiver, one of the creditors of the estate of Bruce B. Brady, and being also interested in

certain property included in the inventory filed herein, and excepts to the inventory filed herein by Roma M. Brady, administratrix, on the 2nd day of November, 1939, on the following grounds:

"1. That the fourteen hundred eighty-eight shares of the stock of The General Title & Trust Company listed in said inventory do not constitute assets of said estate, but are the property of The General Title & Trust Company and said J. W. Woods, Receiver, having been obtained from said General Title & Trust Company by the decedent, Bruce B. Brady, by virtue of fraud and by malfeasance in office by said Bruce B. Brady, then an officer of The General Title & Trust Company, and without legal consideration being given therefor. That said General Title & Trust Company has at all times been and now is the beneficial and rightful owner of said shares and that J. W. Woods, receiver for The General Title & Trust Company now is entitled to the legal title to and possession of said shares.

"2. That the value of One Dollar ($1.00) per share upon said fourteen hundred eight-eight shares of stock of The General Title & Trust Company does not represent the true and fair value of said stock and is substantially less than the actual value thereof.

"WHEREFORE, the said J. W. Woods, receiver for The General Title & Trust Company, prays that a hearing may be had hereon and that the Court may make such order as may appear to it to be just and proper."

The question before the Court is contained in Item 1 of said exceptions, to which a motion was made by the administratrix to dismiss for the reason that the Probate Court was without jurisdiction to determine the question of title.

It appeared from statements of counsel for exceptors that, Bruce B. Brady during his lifetime had caused to be incorporated and was interested, as stockholder, director, counsel, and executive officer, in The General Title & Trust Company, and that the stock certificates in question allegedly came into his possession by various improper manipulations.

It is claimed by the exceptors that because of the manner in which the stocks were acquired, exception No. 1 should be sustained.

The question of the Probate Court's authority to determine title on exceptions to an inventory and appraisal has been presented to Ohio courts before.

In **Brown v Southern Ohio Savings Bank & Trust Co.**, 22 Oh Ap 324, decided June 14, 1926, the Court of Appeals for Hamilton County held that the Probate Court has jurisdiction to determine ownership of stocks inventoried as assets of the intestate's estate.

In **Scott v Mofford**, 64 Oh Ap 457, decided June 1, 1940, the Court of Appeals of the same district distinguishes the Brown case as follows:

"The case (referring to the Brown case) decided that under the law controlling prior to 1932, the failure of claimants to file exceptions to property inventoried, as belonging to an estate, did not bar them from asserting title in an appropriate proceeding. It was decided in 1926 and certainly does not construe the present section that became effective in 1932."

In **Bolles v Toledo Trust Co.**, 136 Oh St 517, decided April 24, 1940, the Supreme Court employs this language:

"Nevertheless the Probate Court is vested with full power to determine what property is lawfully included in an inventory as assets and as incidental thereto has jurisdiction to inquire whether inventoried personal property belongs to an **exceptor as the beneficiary of a trust**."

It may appear at first glance that the Supreme Court decided that the Probate Court does have jurisdiction

412

to determine title on exceptions to an inventory.

An analysis of the Bolles case does not justify this conclusion. The same parties involved in that litigation were also principals in **Bolles v Toledo Trust Co., Exr., 132 Oh St 21**, in which Clara C. Bolles filed exceptions to the inventory and appraisement, in which the executors had listed certain assets that the exceptor claimed belonged to her as the result of valid gifts inter vivos.

The Supreme Court in that case determined the validity of a gift inter vivos. The question of the jurisdiction of the Probate Court to determine title was not raised in either case. The Supreme Court merely held that since the Probate Court had heard the case originally and had determined title, it was res judicata and Clara C. Bolles could not maintain an action in the Court of Common Pleas to engraft a trust on the same assets which were scheduled in the inventory and appraisal.

The Bolles case limited the jurisdiction of the Probate Court to determine title so far as it concerns the exceptor as "beneficiary of a trust." There is, it appears, a distinction between persons claiming assets of an estate because of their beneficial interest and those who are merely creditors, even though the latter attempt to establish a trust.

In Woerner's American Law of Administration, Volume 1, Paragraph 151, the author states:

"The right or title of the decedent to property claimed by the executor or administrator against third persons, or by third persons against him; as well as claims of third persons against creditors, heirs, legatees, devisees, or distributees, must, if an adjudication become necessary, be tried in courts of general jurisdiction, unless such jurisdiction be expressly conferred on Probate courts."

And again, he states, in Paragraph 317, Volume 2, on Page 1007:

"On the other hand, the court should not reject an inventory exhibited because it contains property the title to which is in dispute; because, as appears in a former chapter, the Probate Court has no power to try the title to property between the personal representative and strangers."

There appears to be no clear-cut decision in Ohio which decides that the Probate Court shall hear all questions of title on exceptions to inventory. In fact, in the estate of **Brunskill, 63 Oh Ap 529, on page 532**, the Court states:

"We are of the opinion that, under the circumstances disclosed by this record, the Probate Court was without jurisdiction to pass upon the title to the real and personal property here involved in the proceeding on exceptions to the inventory of the decedent's estate. We indulge in no speculation as to whether, under some circumstances, the Probate Court might have jurisdiction to pass upon questions of title upon exceptions to inventories."

A good discussion of this question is found in Fowler v Brady, 110 Md. 204:

"There is no reason why the Orphans' Court should be given jurisdiction to determine the title to property claimed by a party against the administrator. The title to property belonging to the estate is in the administrator, and he, as we have said, can maintain an action to test the title in a Court of law. But when the property is claimed by the administrator against the estate, the Orphans' Court is authorized by Sec. 243 to determine the title, otherwise, the title to the property of the deceased being in the administrator, there would be no way of requiring him to return a complete inventory of the assets of the estate.

"While there can be no doubt that an inventory returned by an administrator may, upon his application to the Orphans' Court, be corrected, and property which he has erroneously included in it may be omitted, the Orphans'

Court has no authority on the petition of one claiming title to property included in the inventory to determine the question of title against the claim of the administrator that it belongs to the estate.

"If the administrator has the property in his possession, the party claiming it is not prejudiced by the fact that it is included in the inventory. He may recover it from the administrator in a proper action in a Court having jurisdiction to determine the question of title. If he is in possession of the property, he may force the administrator to sue for its recovery, but he cannot have the question of title determined by the Orphans' Court on an application to have the property stricken from the inventory."

The Probate Court does under certain circumstances have the right to determine title on exceptions to inventory.

However, there seems to be a definite line of demarcation between the types of cases the Probate Court should entertain and those in which the exceptors should seek other remedies. This distinction is found in 23 Corpus Juris, §381, 1163:

"The probate court has jurisdiction in proceedings for an inventory, to determine whether property belongs prima facie to the estate, so that it should be included in the inventory, but this jurisdiction does not extend to a determination of the ultimate question of ownership of property as between decedent's estate and an adverse claimant."

: Citing:

Heinrich v Harrigan, 288 Ill. 170, 123 NE 309;

. Martin v Martin, 170 Ill. 18, 48 NE 694 (rev. 68 Ill. A. 169);

Linthicum v Polk, 93 Md. 84, 48 A 842;

In re Huffman, 132 Mo. A 44, Ill. SW 848;

· In re Belt, 29 Wash. 535, 70 P. 74, 92 Am SR 916;

Fowler v Brady, 110 Md. 204, 74 A 15;

Gray v Doubikin, 179 Mo. A 240, 166 SW 1070;

· Matter of Goundry, 57 Ap. Div. 232, 68 NYS 155;

Greenhough v Greenhough, 5 Redf. Surr. 191 (Application to amend inventory);

Hirsh's Est. 15 Pa. Dist. 431;

Miers v Betterton, 18 Tex. Civ. A 430. 45 SW 430;

Re Russell, 8 Ont. L. 481.

Although it is questionable whether the Probate Courts can entertain jurisdiction to determine title under §10509-59 GC., the Courts may determine title when the plenary power given under §10501-53 is exercised:

"The probate court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute." (Bolles v Toledo Trust Co., 136 Oh St 521).

Even this discretion was negatived in the recent ruling of the Supreme Court in Goodrich v Anderson, 136 Oh St 509, in which it was held that under certain circumstances the Probate Court was without authority to entertain special proceedings in complaints for concealment of assets and said:

"To that extent there is a limitation upon the 'plenary power' granted to Probate Court in the last paragraph of §10501-53 GC. In reaching this conclusion we are not required to determine how extensive such a proceeding may be under other facts or circumstances"

However, in Bolles v Toledo Trust Co. 136 Oh St 517, 521, the Supreme Court, discussing inventory and appraisal, holds:

"Under §10501-53 GC, the Probate Court has 'plenary power at law and in equity fully to dispose of any matter properly before the court', unless otherwise provided by statute. Compare

414

Goodrich Admr. v Anderson. ante, 509. There is no statutory provision which limits or denies to that court power to hear and determine fully and completely all questions raised by exceptions to an inventory of the assets of a decedent's estate."

It appears from the reading of the two cases, and a comparison, that the Supreme Court has determined the Probate Court cannot exercise its plenary power under certain circumstances in complaints for concealment of assets, but can on all exceptions to inventories.

The question, then, in the instant case, is whether the Probate Court should exercise jurisdiction or whether the exceptors be required to pursue other remedies.

Exceptions to an inventory is a summary proceeding, and the ordinary course of proceeding at law is not followed. Govan v Jackson, 32 Ark. 553; State ex rel Weatherholt v Perry Circuit Court, 204 Ind. 673; Clarke v City of Evansville, 79 Ind. Ap. 500.

Courts are not hospitable to summary proceedings, since it is always a question of discretion whether the courts will entertain them. Penn Fuel, 36 Fed. 2nd. 272.

Summary proceedings are generally encouraged only where there is a possibility that harm will come to the litigants should a suit at law that involves the filing of pleadings, etc., be necessary.

If there is adequate remedy which would follow the ordinary proceedings required in law, with no great harm to the litigants, summary action should be discouraged.

In **Welch v Pittsburgh, Ft. Wayne & Chicago Railroad Company, 11 Oh St 569, 573,** the Court says, in reference to summary proceedings:

"His inquiry, under §464 GC, is exceedingly simple. We must be satisfied that the property is the property of the judgment debtor. If there be any claim to the contrary, proper for litigation, the summary remedy by an order and proceeding for contempt, should not be adopted; but the party should be left to his action, or placed in a position to assert his right through a receiver."

In, **In re Estate of Butler, 137 Oh St 115,** in which an attorney by summary command was ordered to surrender certain securities to which he claimed title by purchase, Judge Hart states:

"To say the least, this is a dangerous doctrine and sharply challenges conformity with due process of law. This court has examined the authorities cited by the appellants as supporting the right of the court to seize the securities in question, but the cases for the most part show that direct action was instituted against the attorney by mandamus or other proceeding requiring the attorney defendant to show cause as to why an order should not be made against him to pay over money or to surrender property belonging to his client. Ample opportunity is thus given to the attorney to answer and make defense against the charge and complaint of his client",

and continuing, discusses the right of a receiver to maintain summary action:

"In discussing the right of a receiver to have summary action taken against persons holding property which the receiver claims belongs to the estate but which the person in possession claims as a matter of right, 23 Ruling Case Law, 60, §66, says, in part:

" 'The general rule is well established that a receiver can not ordinarily, through summary proceedings, take into custody property found in the possession of strangers to the record claiming adversely, and if he does so he will be liable individually therefor. The principles upon which the cases announcing this rule generally rest are that the receiver merely stands in the place of, and has no greater rights than, the party over whose property he

has been appointed receiver; that everyone is entitled to his day in court; and that summary proceedings are not suitable to try conflicting claims to title.' "

In George A. Homer's Appeal from Probate, 35 Conn. 113-114, decided in 1868, the court, in but one short paragraph, discusses both the question of determining title and summary action, as follows:

"It was decided so long ago as Gold's case, reported in Kirby, 100, that a court of probate ought not to reject an inventory of an estate, the title of a part of which is in dispute, for if any part of the estate is claimed by a third person, the parties have the right to try the title at common law. Much less, in the case under consideration, could the probate court try and determine in this summary mode the title to property in dispute, and pass an order upon the administrator requiring him to deliver possession of the property to the party in whose favor the decision was rendered."

This Court assumes that the primary purpose of filing an inventory is to acquaint those persons interested in the estate with the nature and extent of the assets and the values placed upon them, to allow the surviving spouse his or her exempted estate, and set off to the widow and minor children under eighteen years of age their allowance for a year's support.

In Scott v Mofford, 64 Oh Ap supra, page 460, the court, in discussing the effect of an inventory, says:

"The only provision on the subject of the legal effect of the inventory that we have found is that contained in §10509-61 GC, which makes the appraisement set forth therein conclusive except for inheritance tax purposes, unless the court orders a reappraisement.

"In 21 Am. Jur. 471 and 472, §179, the general statement is made that 'the inventory is not conclusive as to the assets of the estate, or as to rights with respect to the property listed therein, at least where there has been no specific judicial determination of the question.'

"In the annotation to §10509-119 GC, relating to hearing on the schedule of debts, the committee that drafted the Probate Code of 1932 is quoted as having made this comment: 'This section is similar to the provisions of this chapter for exceptions and hearing, as to the inventory.'

"While the provisions are similar, they are not identical—the provisions for notice of hearing on exceptions to the schedule of debts specifically requiring notice to those who might be affected by the decision, and the statute expressly providing that the hearing on the exceptions should be final in the absence of fraud, collusion, or mistake. Notwithstanding, the Supreme Court in In matter of Estate of Beabout, 136 Oh St 412, at 416, 26 NE (2nd) 211, said of §10509-119 GC: 'It is quite apparent, however, that the method of procedure thus provided is not exclusive.'

"We conclude that the plaintiff was not precluded from asserting her title by reason of failure to file exceptions to the inclusion of the property in the inventory of her father's estate."

The Court, in determining that he will not entertain jurisdiction does not in any way prejudice the rights of the exceptors. They have other remedies more suited to their purpose.

After careful consideration of this subject, founded upon both statutory and case law, this Court is of the opinion that the Probate Court can determine title on exceptions to an inventory, but that it is a matter of discretion whether a summary proceeding should be employed or the exceptors ordered to pursue other remedies.

This Court should not and will not entertain jurisdiction on exceptions to an inventory to determine the title to property in this estate.

For the reasons stated the motion to dismiss is granted.